### No. 10,820.

### THE STATE EX REL. THOMAS CURTIS VS. STEVEDORES & LONGSHORE-MEN'S BENEVOLENT ASSOCIATION.

When persons enter into a voluntary agreement and incorporate themselves into an association for the purpose of carrying out the objects and purposes of the association, and one of the members violates the rules of the association, and

State ex rel. Curtis vs. Benevolent Association.

is fined, and dismissed for non-payment of the fine, he can not complain, if the objects for which the association were created are not contrary to public policy, some statute regulation, and the fine imposed was not against natural justice and the fine and dismissal were in pursuance of the rules and regulations of the association.

When two labor organizations, in the same line of business, meet in conference and adopt rules for the government of their members; and these rules are afterwards adopted by each association, and are not in conflict with the constitution and by-laws of the association adopting them, they will be considered as additions to its constitution and by-laws.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

### H. H. *Bryan* for Plaintiff and and Appellant:

1. A corporation having adopted rules and regulations, known and called constitution and by-laws, for its government and the police of its members, and having provided therein for the mode and manner in which such laws can be changed, no change, alteration, or amendment, in such rules and regulations, are valid and binding, unless such changes and alterations have been made in accordance with the provisions therein contained and made for that purpose. R. C. C. 445.

:2. By-laws of a corporation, which are unreasonable, vexatious or oppressive, or foreign to the objects and purposes of the charter, or contrary to law or public policy, or in restraint of trade, are invalid, *ultra vires*, and can not be enforced against a member of the corporation. Boone on Corporations, p. 68, *verbo* By-Laws, Chap. V, Sec. 58; New Orleans vs. Phillipi, 9 An. 44; State vs. Bank of La. 5 N. S. 344; R. C. C. 433; Rev. Statutes 1870, Sec. 680; High, Mandamus, Sec. 295; Am. and Eng. Encyclopedia of Law, Vol. 2, p. 706, *verbo* By-Laws, No. 3.

.3. A member of a corporation illegally expelled for violation of an invalid rule or regulation will be restored by writ of mandamus. C. P. 835, No. 2; High, Mandamus, Sec. 295.

.4. A rule or regulation of a corporation chartered for charitable purposes, that a member can not leave one ship to work on another until five hours have elapsed since work ceased on the first ship, under a penalty of a fine of $10, is invalid, and will be so declared by the court.

.5. Every corporation of the State, whether public or private, is subject to the superintending control of the courts, and the superintending and visitorial power of the court can and will be always exercised to keep these corporations within the limits of their lawful powers and to cure and punish abuses of their franchises. Commonwealth ex rel. Binns vs. St. Patrick's Society, 2 Binns, 441; People ex rel. Roehler vs. Mechanics' Aid Society, 22 Mich. 86; State ex rel. Cuppel vs. Chamber of Commerce (Milwaukee), 3 N. W. Reporter, 760; State ex rel. Waring vs. The Georgia Medical Society, 38 Ga. 608.

### Henry P. Dart for Defendants and Appellees:

1. There are two labor organizations—the defendant and another—primarily benevolent, and also designed to aid and protect their members between them-

selves and against non-members. These organizations have made certain rules for the government of their members, when working at their occupation, and in said rules a tribunal called the "Conference Committee" was created to try, and assess the penalty for, infractions of the same. These rules were legally adopted by both associations under the authority to create by-laws, rules and regulations for their government.

2.  Relator was a member of the defendant organization at the time these rules were adopted, and made no protest against the same, but acquiesced therein, and was once tried and fined for an infraction thereof, and paid the fine; subsequently he was again charged with violation of the rules, was brought before the committee, tried and found guilty, and a fine levied against him, each step of the proceeding being conducted in strict conformity to the rules. Under these rules the fine assessed against the member could only be collected from him by this association, there being no power lodged in the conference committee to enforce its decrees by expulsion or otherwise.

3.  The defendant has in its charter and by-laws a provision that each member must pay and settle his arrears within a stated period, otherwise he shall be considered as having renounced the association and shall have his name stricken from the books. No notice of his delinquency is required. In this case, however, relator was well informed of his delinquency, and made sundry efforts to have the fine rescinded, without avail. He exhausted much time in these efforts, and the delay having expired, the association, in open meeting, dropped him from the roll, under authority of the provision of the by-laws above quoted.

4.  Under this state of facts, it is contended that the by-laws, charter, and conference rules are equivalent to a contract between the members. That the tribunal created by the conference rules had power to examine into the alleged infraction of said rules, and that it did exercise that power fairly and honestly, and having exercised the power, the courts are without authority to examine into its decision, except it can be shown that the rules were immoral, contrary to public policy, or in contravention of the law of the land, or that the decision was made in bad faith, through malice, or without a notice and opportunity to be heard. In brief, that a member can not complain of an expulsion fairly conducted under the rules of the association, unless those rules be against natural justice. Eng. and Am. Enc. of Law, Vol. 2, p. 72 *et seq.*, Beneficial Associations; Beach on Private Corporations, Sec. 83 *et seq.*, p. 159 *et seq.*; Dawkins vs. Antrobus, L. R. 17, Ch. Div. 615; 44 L. T. 557; 29 Week. Rep. 511; Otto vs. Journeymen Tailors' Union, 75 Cal. 308; S. C. 7 Am. St. Rep. 163. See, also, note and authorities therein accumulated attached to said case. Karcher vs. Sup. Lodge K. of H., 137 Mass. 368-372; Robinson vs. Gates City Lodge, 86 Ill. 598; 20 Hun. 87; 104 U. S. 252.

The opinion of the court was delivered by

McEnery, J.   This is a proceeding for a mandamus brought on the relation of Thomas Curtis against the Stevedores and Longshoremen's Benevolent Association on the allegations in substance: That relator is a resident of the City of New Orleans; that he was a member of the Stevedores and Longshoremen's Benevolent Association of New Orleans from the time of its organization until

April 14, 1890; that said association is a body corporate under the laws of the State of Louisiana; that said corporation has adopted a constitution and code of by-laws, under its charter, for the government and control and notice of its members, a copy of which is annexed to and filed with the petition; that the franchise as a member is valuable, as shown in said copy, a member being entitled to money relief when sick, to be buried at death, and other benefits set forth therein; that by Article XVIII of the said Constitution, and Section 3, Article 6 of By-laws, no member can be expelled for any offense without having an opportunity of defending himself, which opportunity shall be written or printed notice from the recording secretary, that he must appear at a stated meeting, to answer the charge or charges brought against him, and he shall also be furnished a copy of the charges preferred; that, notwithstanding these provisions, and notwithstanding the fact that relator was not indebted to said association in any amount, and although no charge or charges of any kind had ever been made against him, of any violation of any law, rule, or regulation, of said corporation, and no notice of any kind ever served on him, said association illegally and without any warrant, either in law, or in their laws adopted for the notice of their members, expelled relator from his membership in said corporation; that by said illegal and unwarranted expulsion and deprivation of his rights of membership, relator had already been damaged in a sum more than $100, and that he will be damaged each and every day to the extent of $6 per day, his wages; that he is excluded from his franchise because he can no longer obtain employment at his occupation as longshoreman, nor can he follow his said occupation until he is restored to membership; that he is not only damaged, as aforesaid, by his expulsion, but his membership is worth at least $1000; that, though relator has been a member of said corporation from its organization up to the time of his expulsion, no charge of any violation of its laws has ever been made against him, nor has he ever been tried or found guilty of any violation of its laws; that the action of said corporation, at its meeting held April 14th, 1890, expelling said relator, is absolutely null and void, and can produce no favor and effect; that relator sought redress at the hands of said corporation, which refused him any relief, and his only adequate remedy is a mandamus.

Alternative writs issued and the corporation responded in sub-

stance: First, a general denial of all the allegations in the petition. It then charges that relator was dropped from his membership for a failure to pay a fine, inflicted for a violation of the general rules of the Association, and more especially of the conference rules of the labor associations, which form part of the laws and regulations of respondent Association; that relator was properly tried, and legally convicted and fined, and acquiesced therein, and failed to pay, and was legally dropped; that when the conference rules were made, relator was a party to them, has acted thereunder, and is estopped to deny their validity; and that said conference rules are now legally part and parcel of the laws, rules and regulations of the respondent association.

The matter was heard and the lower court refused the mandamus, and plaintiff and relator appealed.

The defendant association is incorporated under the laws of the State.

The Constitution and By-laws of the defendant corporation are made a part of the record.

There is no rule or regulation in the Constitution and By-laws which prohibits the corporation from entering into an agreement for the purpose of carrying out the object for which the corporation was created. Therefore, any such agreement, made with the consent of its members, duly ascertained, will be legal and binding upon said members.

There is another labor organization in the city of New Orleans, called the Longshoremen's Protective Union. In order to put an end to a "strike," the two associations entered into an agreement to regulate the conduct of their members working on the levee.

These regulations are called "Conference Rules," and were established and adopted by all the members of each association. In adopting these rules the two associations met in joint conference, each presided over by its president and its organization preserved.

It is alleged that the relator was not present when these rules were adopted, but he never protested against them, worked under them, and thus approved them, and is therefore bound by them.

Rule 11 of these rules is as follows: "Any member who shall leave a ship at which he is working to go to another ship to work, unless said work has been stopped for the space of five hours, shall be fined the sum of ten dollars for each offense."

Rule 8 of said rules is as follows: "All violations of these Conference Rules shall be tried by the conference committee, and all fines inflicted for violations of Conference Rules *shall be collected by the violating member's association*, and one-half of his fine shall be paid over to the other association, through the conference committee, fifteen days from the date of conviction."

This conference committee is composed of twenty-four members, twelve from each association.

The relator violated Rule 11, and was tried and convicted, and sentenced to pay the penalty.

He received no notice, in accordance with the rules of the association to which he belonged, but he appeared voluntarily and submitted to the jurisdiction of this *quasi tribunal*. He, therefore, waived the notice.

Having neglected and refused to pay the penalty, he was dropped from the roll of membership, in accordance with the provisions of Section 2, Article 2, of the Constitution, which is as follows:

"Any member who does not pay up the full amount of his indebtedness to this Association on the second Monday in January, April, July and October, shall be suspended from all pecuniary benefits for three months; and *any member who neglects or refuses to pay up his arrears for six months, shall be considered as having renounced the association and his name* (shall be) *stricken from the roll.*"

The fine thus imposed became due the association of which relator was a member.

It then fell under the rules of the association for collection.

It is urged by the relator that this regulation or agreement, between the two associations, was in conflict with and contrary to Constitution and By-laws of the defendant association, that the agreement did not become a part of the Constitution and By-laws of the Longshoremen's Benevolent Association, and that he can not be deprived of his right of membership, as said agreement and conference rules are null and void. But, as we have said, there is nothing in the Constitution and By-laws prohibiting such an agreement. Conceding, therefore, that they were enacted outside of any provision made by the Constitution and By-laws of the association, it is evident that the relator consented to them, and they became, at least, the by-laws of a voluntary association, of which he was a

Gast vs. Assessors et al.

member. He was instrumental in creating the *quasi tribunal* which inflicted the penalty and voluntarily submitted to its jurisdiction.

He has, therefore, no right to complain, unless it is shown that the agreement thus entered into by him was contrary to public policy, immoral, unjust and oppressive, or that the penalty was arbitrarily inflicted, contrary to the rules and regulations prescribed by the rules for its infliction.

It appears, however, that these "conference rules" were adopted separately by each labor organization at a separate meeting.

In adopting them, each organization expressly repealed all laws and regulations in conflict with them.

It was new matter. There was no rule or regulation changed, altered or amended, and these conference rules were in reality additional by-laws, made for the government of the members of each association.

The by-laws enacted by the association were binding on all of its members. They are positive laws for their government so long as they are members. They are, in fact, a contract between all the members, and must be enforced, like other contracts, unless it appears they are in contravention of some law, contrary to public policy, or immoral.

The rules under which the relator was tried were observed. He had an opportunity of being heard, and the conference committee in inflicting the penalty, was not influenced by malice. The judgment was not against natural justice.

Judgment affirmed.