(108 So. 132)

No. 25903.

## STATE ex rel. RHODES MORTICIAN & UNDERTAKING CO. v. NEW ORLEANS FUNERAL DIRECTORS' ASS'N.

(March 29, 1926.)

*(Syllabus by Editorial Staff.)*

Associations ⬪10—Court will not examine into legality of by-law of funeral directors' association, which is private nonprofit corporation, to order fine imposed for violation set aside and suspended member restored to full membership.

Court will not examine into legality of by-law of funeral directors' association, a private corporation, not organized for pecuniary profit, for purpose of ordering fine imposed for violation thereof set aside and suspended member restored to full membership.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit for writ of mandamus by the State of Louisiana, on the relation of the Rhodes Mortician & Undertaking Company, against the New Orleans Funeral Directors' Association. From a judgment for defendant, plaintiff appeals. Affirmed.

Louis Randolph Hoover, of New Orleans, for appellant.

Emile Pomes, of New Orleans, for appellee.

OVERTON, J. Defendant is a corporation organized under the laws of this state. Its charter declares it to be "an association for the purpose of hearing addresses, discussing, debating and acting upon all questions relating to the promotion of and the welfare of those who are engaged in the undertakers' business in this city, and by combined efforts, unity of action, mutual aid and protection and all other lawful means to systematize the directing of funerals, formulate rules for properly conducting the same, and to adopt a code and hygienic and sanitary laws for the handling of the dead, in conformity with the requirements of the or-dinances of the Board of Health of the state of Louisiana, and all other laws of the state of Louisiana and of the several municipalities enacted thereunder." Relator, as its name indicates, is a corporation engaged in the business of an undertaker. It draws most, if not all, of its business from the colored population of the city, and is a member of the defendant association, though, at present, it is suspended.

Defendant adopted a code of ethics, which contains a provision denouncing as unethical a resort by undertakers to public advertisements, or to private cards, to invite the attention of the public to any of the wares connected with the calling of an undertaker. Later, defendant passed a by-law, giving its sanction to its members to insert their cards in daily newspapers, but which prohibits them from doing so in any other than daily papers. Plaintiff, for the purpose of making known to its friends the location of its business, published an advertisement in a weekly newspaper having a general circulation among the colored people of the city of New Orleans, the city of its domicile, and which, it is alleged, though not proven, is the only paper in which it could insert an advertisement that would be of benefit to it. Charges were preferred before defendant's grievance committee against plaintiff for advertising in a weekly newspaper in violation of the by-laws of the association. Plaintiff was tried, found guilty, and was sentenced to pay a fine of $15. Plaintiff appealed to defendant's board of directors, and the appeal resulted in the affirmance of the verdict rendered and of the sentence imposed by the committee. Plaintiff was given a reasonable time within which to pay the fine, but refused to pay it, and was finally suspended for failure to do so. Plaintiff then brought this suit for the purpose of obtaining a writ of mandamus ordering defendant to cancel the fine imposed, and to restore it (plaintiff) to full membership. The grounds

upon which relief is asked are the following, to wit:

"(1) That the by-law or resolution under which plaintiff was fined and suspended is unreasonable and oppressive.

"(2) That the said by-law or resolution is ultra vires and beyond the power of the board of directors to pass, as not set out or contemplated in the objects and purposes of defendant's charter, and enlarges the powers granted in defendant's charter.

"(3) That the said by-law or resolution constitutes a restraint on trade, and monopolizes advertising in favor of the daily papers, and is void under the jurisprudence as well as under the special laws of the state."

The first question that presents itself is: Should we examine into the legality of the by-law attacked for the purpose of ordering the fine imposed set aside, and of ordering plaintiff restored to all the rights and privileges of membership in the association made defendant herein? Our conclusion is that we should not. Defendant is a private corporation. It was not organized for pecuniary profit, but, speaking in general terms, to promote the welfare of those engaged in the business of an undertaker in New Orleans, to systematize the directing of funerals, and to adopt rules for the proper handling of the dead. Defendant has seen proper to adopt certain by-laws, one of them being the by-law in question. If plaintiff is not satisfied with those by-laws, and is not willing to comply with them, the proper course for it to pursue is to withdraw from the association. It has no right to violate one of the by-laws, and, after having been fined, and later suspended for failure to pay the fine, to appeal to the courts, on the ground of the illegality of the by-law, to have the fine set aside and to be restored to full membership. A different case would be presented as to the fine if defendant should attempt to collect it by legal proceedings, if it has any right to so proceed.

For the reasons assigned, the judgment appealed from is affirmed; appellant to pay the costs.