statements. That jurisprudence has no application here because, in this case, the defendant's confession was voluntarily made to, and proved by, Deputy Stone.

We find no reversible error in the rulings complained of, and therefore the verdict and sentence are affirmed.

ST. PAUL, J., absent.

ROGERS, J., dissents.

154 So. 32

**ELFER v. MARINE ENGINEERS BENE-FICIAL ASS'N NO. 12 et al.**

No. 31941.

March 26, 1934.

A. I. Kleinfeldt, of New Orleans, for appellant.

W. W. Wright, of New Orleans, for appellees.

ROGERS, Justice.

Alleging that he was unlawfully expelled from the Marine Engineers Beneficial Association No. 12, plaintiff brought this suit to compel the association and certain of its officers to reinstate him as a member of the association and to enjoin the defendants from interfering with him as such member. The court below dismissed the suit, and plaintiff has appealed from the judgment.

Plaintiff alleged, in substance, that his expulsion from the defendant association was brought about through fraud, collusion, and conspiracy; that his trial was unfairly and dishonestly conducted; that the members of the association were intimidated; that no ballot was taken on his guilt or innocence; that the members voting were biased or prejudiced against him; and that he has property rights, more particularly sick and funeral benefits, in the association.

Defendants filed a joint answer in which they denied the allegations of plaintiff's petition. They averred substantially that plaintiff was a disturbing element in the association; that it was not only proper but necessary in the interest and for the general welfare of the association to prefer charges against plaintiff; that the charges were duly prepared and filed, and that plaintiff was duly notified thereof and to appear for trial thereon; that on said trial, at which he was present, plaintiff was found guilty by an overwhelming majority of the members present, the vote on his guilt or innocence having

been taken by ball ballot; that thereafter, on more than a two-thirds vote of the members present, plaintiff was dropped from the roll of membership; and that all the proceedings were conducted in strict conformity with the constitution and by-laws of the association. Defendants also alleged that plaintiff had not exhausted his remedies within the organization.

The defendant association is a voluntary unincorporated association of marine engineers organized as a subordinate association of the National Engineers' Beneficial Association of the United States of America for the purpose of uniting its members fraternally, to improve, maintain, promote, and protect the standard of the craft, to regulate the business matters of its members, within its jurisdiction, pertaining to affairs of the association, and when it may determine, to render succor to its needy, sick, and distressed members and to bury its dead.

The specific charge laid against plaintiff was that, in the month of November, 1930, he circulated a printed pamphlet imparting certain business and proceedings of the regular meetings of the association, in violation of its oath of membership, closing obligation, and by-laws (section 18 of article 9).

The oath of membership and the closing obligation of the defendant association bind its members not to impart or reveal any of the business or proceedings of any of its meetings to any person not duly and justly qualified to receive the same. And section 18 of article 9 of the defendant association's by-laws declares that: "No member shall give out any information for publication unless expressly authorized."

On December 16, 1930, plaintiff was tried on the charge, found guilty, and dropped from membership. He appealed to the National Executive Committee, which affirmed the action of the local association. Plaintiff, however, did not appeal from the National Executive Committee to the National Association at its next regular meeting as he was entitled to do under its constitution and by-laws. Because of his failure to do so, defendants contend plaintiff has not exhausted his remedies within the association itself.

Plaintiff justifies his failure to appeal from the decision of the executive committee to the national association itself on the grounds of the delay that would elapse and that the committee of the national association and the executive committee were composed of practically the same members. Be that as it may, all the available testimony as well as all the interested parties are before the court, and we think it is better for every one concerned to bring this litigation, which has been a long and expensive one, to a close.

Plaintiff does not deny that he published and distributed the pamphlet referred to in the charge laid against him, but he contends there was no basis for his expulsion because nothing in the pamphlet could be construed as imparting or divulging confidential business or information of the association and because copies of the pamphlet were sent only to members of the association.

Plaintiff also contends that his trial was null and his expulsion unlawful for the following reasons, viz.: Secrecy was not main-

tained in the voting; only one ballot was taken, and that on the degree of punishment, in violation of the requirement for two ballots, one on the question of guilt or innocence and the other on the degree of punishment; that, if a ballot was taken on the question of guilt or innocence, then, in the alternative, no ball ballot was taken on the degree of punishment.

The law governing disputes arising in voluntary associations is simple and well settled. It is stated in Corpus Juris, vol. 5, p. 1364, as follows, viz.: "The courts will not interfere with the internal affairs of an unincorporated association so as to settle disputes between the members, or questions of policy, discipline, or internal government, so long as the government of the society is fairly and honestly administered in conformity with its laws and the law of the land, and no property or civil rights are invaded. Conversely, the proceedings of the association are subject to judicial review where there is fraud, oppression or bad faith, or property or civil rights are involved or the proceedings in question are violative of the laws of the society or the law of the land, or are illegal. Even in these cases, however, the courts will not take jurisdiction unless the complaining member has exhausted such remedies as may be provided by the laws of the association itself."

It is also a well-settled rule of law that the courts will not entertain jurisdiction of the complaint of an expelled member where the proceedings for his expulsion were conducted under the rules of the association and he was given fair notice and an opportunity to be heard.

We are satisfied from our examination of the record that the proceedings leading up to plaintiff's expulsion from the defendant association were regular and in strict conformity to the constitution and by-laws of the organization.

The record fails to disclose any conspiracy or malice against plaintiff. The charge against him was preferred in writing and signed by two members in good standing. Plaintiff was timely served with a copy of the charge and given the required notice to appear at his trial thereon. Plaintiff appeared at the trial and was fully heard in his own defense. The vote on the question of plaintiff's guilt or innocence was taken by ball ballot as provided by section 8 of article 13 of the General Laws. The ballot revealed 18 black balls for guilty as charged and 2 white balls for not guilty. On the degree of punishment the vote was 15 to 4 for plaintiff's expulsion from the association. The latter vote was taken by a "showing of the hands." No testimony was produced showing that the secrecy of the vote by ball ballot was violated. Nor was any proof adduced showing that the members participating in the voting were intimidated by anybody.

Plaintiff contends that the vote on the grade of punishment is invalid because it was not taken by ball ballot. But under section 8 of article 13 of the general laws governing the defendant association a vote by ball ballot is only required upon the guilt or innocence of the accused; a two-thirds vote being necessary to convict. No such requirement is specified for the punishment to be imposed upon conviction. The only requirement in that respect is that the association

"shall then (on conviction) by a two-thirds vote declare a degree of punishment commencing with the highest degree," etc. In other words, the rules of the association ex industria authorize the members present to determine the mode in which they desire to express their will concerning the punishment to be inflicted on a member of the association who has been convicted of violating any of its laws. Whether the procedure adopted for that purpose is a ballot, word of mouth, or otherwise is immaterial, if it is fairly and honestly carried out, which we find was done in plaintiff's case.

■ Where persons enter into a voluntary agreement and form themselves into an association for the purpose of carrying out the objects of their agreement, and one of the members violates the rules of the association and is expelled therefor, he cannot complain if the objects for which the association was formed are not contrary to public policy, or some statutory regulation and the penalty inflicted is not against natural justice and is imposed in pursuance of the regulations of the association. State ex rel. Curtis v. Stevedores' & Longshoremen's Benevolent Association, 43 La. Ann. 1098, 10 So. 169; State v. N. O. Funeral Directors' Ass'n, 161 La. 81, 108 So. 132; Irwin v. Lorio, 169 La. 1090, 126 So. 669.

Plaintiff makes no contention that the objects of the defendant association are contrary to public policy or to some statutory regulation. His complaint is that his expulsion was not in accordance with the rules of the association and was not justified by the pamphlet which he issued.

As we have hereinabove shown, there is no foundation for plaintiff's complaint that the rules of the association were not observed in the proceedings which resulted in his expulsion.

■ Plaintiff argues that, in addition to inquiring into the regularity of the proceedings, the courts may inquire into the reasonableness and propriety of his expulsion and the grounds therefor.

But the laws of the association were assented to by plaintiff and constituted a contract between him and his associates, and his expulsion for the violation of those laws was expressly authorized therein.

A provision for expulsion, although unreasonable as a by-law as being against common right, may, if assented to by a member, be binding on him as a contract. 5 C. J. "Associations," § 72, p. 1355.

In the month of October, 1930, plaintiff declared as a candidate for the office of secretary and business manager of the defendant association, and the pamphlet was prepared and circulated by him in aid of his candidacy.

Plaintiff contends the pamphlet was sent only to members of the association, and that it contained only a general criticism of the management of the association's affairs, without divulging any of its confidential and secret business.

And plaintiff cites Weiss v. Musical Mut. Protective Union, 189 Pa. 446, 42 A. 118, 69 Am. St. Rep. 820, in support of his contention that the court is empowered to examine the pamphlet and to determine whether the matter therein contained had the effect of reveal-

ing the secret and confidential business of the defendant association.

In addition to the fact that the matter contained in the pamphlet was furnished by plaintiff to the parties printing the document, who were not members, on the trial of plaintiff before the defendant association, testimony was offered showing also that plaintiff had mailed copies of the pamphlet to certain nonmembers and unauthorized persons.

The Weiss Case, referred to supra, and the case of Schneider v. Local Union No. 60, 116 La. 270, 40 So. 700, 5 L. R. A. (N. S.) 891, 114 Am. St. Rep. 549, 7 Ann. Cas. 868, also cited by plaintiff, are not appropriate to the issue involved in this case. In both the cited cases, plaintiffs were expelled without a hearing. In the Schneider Case, the plaintiffs were expelled because they refused to assist the defendant in accomplishing an unlawful purpose by unlawful means. The court held that plaintiffs could properly declare they entered into no such contract, and that they were not subject to expulsion for so declaring.

In the Weiss Case, the charter of the defendant corporation contained no power of expulsion, and the court held that, where no such power was given, it could only be exercised by the corporation when the member had been guilty of some infamous offense or had done some act tending to the destruction of the society. The court found there was nothing to show that the so-called manifesto had been circulated by plaintiffs; that there was nothing in the document but an invitation to participate in a meeting at which were to be discussed matters affecting the

interest of the union, which was not sufficient to support the charge that it tended to disturb and destroy the union, and that no proof was offered at the pretended trial of the plaintiffs that it had done so.

A voluntary unincorporated association has the power to suspend or expel its members for legal cause and to determine after due hearing whether the cause alleged for suspension or expulsion has been established, or to determine after due hearing whether the cause alleged is a legal cause and not one in contravention of the laws of the land. Irwin v. Lorio, supra.

Where the proceedings of such an association have been fairly conducted in accordance with its rules, the courts will assume in the first instance that the acts charged constitute sufficient cause for expulsion within the meaning of its laws. We find nothing in the record at variance with such an assumption.

The pamphlet prepared and circulated by plaintiff was characterized as "contemptible in character and illegal in procedure" by the National Executive Committee in approving plaintiff's expulsion by the local association. The pamphlet, which consists of twenty closely printed pages, contains a vicious attack on the president, secretary and business manager, and assistant business manager of the defendant association, which attack the defendants contend is wholly unwarranted. And it also contains a number of references to resolutions, motions, petitions, and letters presented at various meetings of the defendant association and the actions taken thereon, and to other business

transacted, questions arising and incidents occurring at such meetings.

No invasion of plaintiff's property rights resulted from his expulsion. Plaintiff merely enjoyed the privilege of membership, with only a right to the joint use and enjoyment of the association's property and funds so long as he continued to be a member. Plaintiff's interest in the association's property and funds ceased when he was expelled in the same way as it would have ceased had he terminated his membership by his own act or omission. See 5 Corpus Juris, "Associations," §§ 86 and 87, pp. 1359 and 1360.

In our view, there is nothing presented by the record that would justify the court in annulling plaintiff's expulsion and restoring him to membership in the defendant association.

For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., absent.