178 So. 362

## BRADFORD et al. v. GRAND INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS et al.

No. 34486.

Nov. 29, 1937.

Rehearing Denied Jan. 10, 1938.

Hunter & Hunter, of Shreveport, for appellants.

C. E. Weisell, of Cleveland, Ohio, and Lee & Lee, of Shreveport, for appellees.

Hendrick & Hendrick, of Shreveport, for interveners.

ROGERS, Justice.

In May, 1929, the Louisiana & Arkansas Railroad Company and the Louisiana Railway & Navigation Company were consolidated under the name of Louisiana & Arkansas Railway System. Prior to their consolidation, the two railroads were parties to certain agreements with their engineers and firemen, who were members of the seniority districts existing on each railroad. There was one seniority district on the Louisiana & Arkansas Railroad Company, which bore the number 632. There were two seniority districts on the Louisiana Railway & Navigation Company, one east of the Mississippi river, including New Orleans, and the other west of the river, including Shreveport. The former was known as district No. 426 and the latter as district No. 516. All the engineers operating along the lines of the railroads are affiliated with the Grand International Brotherhood of Locomotive Engineers, and, as such, are members of the local divisions of the national body, which correspond in numbers and territorial limits with the seniority districts.

Both railroads enter Shreveport and Alexandria. This controversy is over a division of the work in the railroad yards of those cities.

Prior to the consolidation of the railroads, a General Committee of Adjustment existed for each local division of the Grand International Brotherhood of Locomotive Engineers.° Following the consolidation, by a vote of the members, these three committees were merged into one Committee of Adjustment for the entire system. This committee consisted of three members, one from each division. R. E. Owens, of Division 426, was made the general chairman of the new committee.

Shortly after the Committee of Adjustment for the entire system was constituted and organized, the dispute concerning the division of work arose. R. E. Owens, the general chairman, issued an order, designating how the work should be distributed. This order in the main provided that in the Shreveport yard when six engines were used they should be operated by four crews from the Louisiana Railway & Navigation Company and by two crews from the Louisiana & Arkansas Railroad Company;

and that when a third engine was used in the Alexandria yard, it should be operated by a crew from the Louisiana & Arkansas Railroad Company. At the time this order was issued, there were four Louisiana Railway & Navigation Company engines and two Louisiana & Arkansas Railroad Company engines in use at Shreveport; and at Alexandria there were only two Louisiana Railway & Navigation Company engines in use. The order also directed that when additional engines were placed in service, the work should be divided equally between the two divisions, No. 516 and No. 632, which were the parties to the dispute.

This order was not satisfactory to the members of Division 632 of the Louisiana Railway & Navigation Company, and it was appealed by them to the General Committee on Adjustment. The vote of the two members of the committee resulted in a tie. Chairman Owens, casting the deciding vote, ruled that the original order should stand. The controversy then found its way to the Advisory Board, but owing to the illness of its secretary, the members of Division 632 failed to submit any evidence, and the Advisory Board sustained the ruling of Chairman Owens. This was in the latter part of the year 1930. The decision of the Advisory Board was not satisfactory to the members of Division 632, and they prosecuted an appeal to the 1933 Triennial Convention of the Grand International Brotherhood of Locomotive Engineers held in Cleveland, Ohio. At the Convention, Division 632 was represented by one of its members, who was a duly accredited delegate. No member of Division 516 was

present, and that division was one of a group of several divisions represented by a single delegate who was a member of a division located at New Orleans, not on the old Louisiana Railway & Navigation Company.

At this convention the delegate representing Division 632 moved a suspension of the rules and asked to submit the appeal of that division. There being no objection, a Committee on Appeal was appointed. The representative of Division 632 appeared before this committee and protested the ruling of the Advisory Board approving the ruling of General Chairman Owens, on the ground that the Advisory Board had decided the case without hearing any evidence from Division 632. The Committee on Appeal submitted the following recommendation to the convention, viz.:

"We, your Committee on Appeal Case No. 32 dispute of the L&A and LR&N, beg leave to submit the following: 'In view of the fact that this decision was rendered by the Advisory Board before all of the evidence was in, we, your Committee recommend that work in Shreveport Yard be divided on a 50–50 basis. Work in the Alexandria Yard be divided as follows: 66-$\frac{2}{3}$ to LR&N Engineers and 33-$\frac{1}{3}$ to L&A Engineers."

The recommendation of the Committee on Appeal was adopted by the convention.

No notice of the appeal by Division 632 had been given to Division 516, as required by the rules and regulations of the Brotherhood. No member of Division 516 was present at the convention, and that division

had no hearing before the Committee on Appeal or before the convention itself. Consequently, the division was not able to make any defense or to present its side of the disputed question.

On being informed of the adoption by the convention of the recommendation of the Committee on Appeal, the members of Division 516 brought a suit in the First judicial district court of this state to set aside the ruling of the convention, and they obtained a temporary restraining order prohibiting the placing of the ruling in effect.

Following the filing of the suit in 1933, the Assistant Grand Chief Engineer was sent to Shreveport to negotiate a settlement of the dispute between the contending divisions. The evidence in the record fails to show what negotiations, if any, were had between the divisions, but it does show that, due to the efforts of the Assistant Grand Chief Engineer, they reached an agreement in the month of November, 1934, for the dismissal of the suit of Division 516 and for a division of the work, with the right reserved to Division 516 to apply to the next General Convention of the Brotherhood for a reconsideration of its ruling of 1933. The tentative agreement as to the division of the work, which has since been in effect, was upon the following terms, viz.:

"All yard work in Alexandria yards to be given to the Engineers on the former Louisiana Railroad & Navigation Company, with the understanding that if three switch engines are to be used in that yard the third switch engine shall be given to the

Engineers on the Louisiana & Arkansas Railroad. In Shreveport yards all switch engine work to be divided and apportioned on a 50–50 per cent basis, as between the Engineers on the former LR&NRR, and the Engineers on the L&ARR."

In accordance with the right reserved to it under the agreement, Division 516 appealed to the General Convention of the Brotherhood held in 1936, also at Cleveland, Ohio, for a rescission of the convention's 1933 ruling. Both divisions were notified that the appeal would come before the convention. Division 632 made a written answer to the appeal, which was filed in the Grand Office for consideration by the convention.

In due course, the appeal was presented to the convention and a committee was appointed to hear the parties and to report its findings. Representatives of both divisions appeared before the committee, which, after hearing both sides to the dispute, submitted the following recommendation to the convention, viz.:

"We, your Committee, appointed on Appeal Case No. 19, with reference to the controversy between Divisions 632 and 516, on the L&ARR, find after careful consideration of all statements pertaining to the case that this case was not handled in accordance with Section 28(a) Standing Rules. We, therefore, recommend that the action taken by the Convention in 1933 with reference to this case be rescinded and that the decision of the General Committee of Adjustment supported by the Advisory Board's decision prior to the 1933 Convention be reestablished, as this

recommendation is in accordance with the law of our Constitution and By-Laws."

After some discussion on the floor the committee's report was adopted by the convention.

Under date of July 21, 1936, the Grand Chief Engineer addressed a letter to General Chairman Owens, informing him of the action taken by the General Convention. Copies of this letter were also sent to the contending divisions. Following receipt of the copy of the letter by Division 632, this suit was brought to annul the convention's ruling and to enjoin the defendants from putting the ruling in effect.

The plaintiffs are engineers and firemen on the former Louisiana & Arkansas Railroad, some of whom are members of Division 632, and all of whom are members of the same seniority district, who allege that they would be adversely affected by the ruling of which they complain. Defendants are the Grand International Brotherhood of Locomotive Engineers and R. E. Owens, chairman of the General Committee of Adjustment.

Defendants, after filing exceptions to the jurisdiction of the court and of no right or cause of action, which were referred to the merits, filed an answer.

S. E. Angle, and a number of others, all members of Division 516 of the defendant Grand International Brotherhood of Locomotive Engineers on the former Louisiana Railway & Navigation Company, intervened in the suit and joined the defendants in maintaining the validity of the proceedings of the 1936 General Convention of the defendant Brotherhood.

The trial on the merits resulted in a judgment denying plaintiff's demand for an injunction, and dismissing their suit. From that judgment plaintiffs have appealed.

Plaintiffs allege that the order or ruling of the convention of 1936 is unauthorized and illegal, and, if allowed to become operative, will adversely affect their seniority and their rights to runs, and will result in the loss of wages, in demotions, and in the loss of jobs. Plaintiffs contend that the matter in dispute was properly heard and disposed of by the 1933 convention of the defendant Brotherhood, and that the action of that convention has become final and is. not subject to review.

Under the rules and regulations of the defendant Brotherhood, all controversies involving seniority rights, rights to runs or distribution of territory must be submitted to and determined by the General Committee of Adjustment, or its chairman. Section 35(a) of the Standing Rules. The findings or rulings of the committee, or its chairman, are appealable as set forth in section 28 of the Standing Rules. That section provides that such appeals must be submitted by ballot to all the members of the system, and that the majority vote as shown by the ballots is to be final.

Division 632 did not appeal to the members of the system, as provided in section 28 of the Standing Rules. They appealed, instead, to the 1933 convention of the defendant Brotherhood. However, plaintiffs contend that their appeal was authorized

under section 35(b) of the Standing Rules, governing the merger of two railroad systems.

As shown by various rulings of the defendant Brotherhood, copies of which appear in the record, and by the action of the General Convention of 1936, the appeal is governed by section 28 of the Standing Rules, with which, admittedly, plaintiffs failed to comply.

■ Nor did plaintiffs comply with the requirements as to appeals under section 35(b), which, under the statute of limitations set forth in the section, should have been taken within ninety days, or, at the most, within two years from the time the ruling of the Advisory Board was made. That ruling was handed down in November, 1930, but it was not until about thirty days before the convention assembled in June, 1933, that the appeal of Division 632 was filed. At that time the prescriptive period allowed for such appeal had elapsed, and in the absence of notice to Division 516, the ruling of the convention of 1933 was wholly unauthorized.

■ Plaintiffs strenuously contend that the convention of 1936 could not consider the appeal of Division 516 for the reason that it was prohibited by section 49(b) of the constitution of the defendant Brotherhood.

Section 49(b) reads: "No cases for appeal to the G. I. D. will be entertained when such appeal or appeals have been acted upon by a Triennial Session of the G. I. D., and such appeals will not be entertained at future Sessions of the G. I. D. in Convention assembled."

Plaintiff's contention is untenable. The record shows that Division 632 prepared and filed an answer to the appeal of Division 516, and that it sent its local chairman to the convention for the purpose of presenting its side of the controversy to the committee appointed to act on the appeal. Division 632, including the plaintiffs, offered no objection to the convention's hearing and passing on the appeal. It was only after the convention had acted adversely to its contentions that Division 632, by a telegram addressed to the Grand Chief Engineer, denied the right of the convention to hear and dispose of the appeal.

But plaintiffs contend that timely protests were made on behalf of Division 632 to the committee appointed to hear the appeal. That these protests were made verbally and in writing by the local chairman of the division and also in the brief filed with the 1936 convention.

We do not find that plaintiff's contention is sustained by the record. No written protest was filed by Division 632 with the committee, and the evidence does not satisfy us that any verbal protest was made to the committee, even if such verbal protest would have been sufficient. Nor do we find any protest against the appeal embodied in the brief filed with the 1936 convention by the local chairman of Division 632. All that is contained in the brief relative to the appeal is the expression of opinion by the writer that before it could

be considered the rules would have to be suspended, in view of the provisions of section 49 of the constitution of the Brotherhood.

We do not think that this statement in the brief can be considered as a formal protest. On the contrary, it concedes the right of the convention to consider the appeal under a suspension of the rules. The convention voted to consider the appeal and appointed a committee to hear the parties. This was as effective as if the convention had suspended the rules for the same purpose.

The members of Division 632 saw fit to take their chances of favorable action by the convention, and it was only after the convention had decided against their pretensions that they offered any objection to its right to do so.

While section 49(b) declares that no appeal will be entertained when such appeal has been acted upon by a previous session of the G. I. D., we see no reason why, if a subsequent convention sees fit to do so, it cannot waive the provision, in the absence of any objection by or upon the consent of the interested parties. The evidence in the record shows that when the temporary settlement was made in 1934, and the members of Division 516 withdrew their suit contesting the action of the 1933 convention, it was the distinct understanding of all parties, including Division 632 and the officers of the Brotherhood who brought about the settlement, that the right was reserved to Division 516 to apply to the convention of 1936 for a review of the action of the convention of 1933. In these

circumstances, we do not think that the plaintiffs are in a position to urge that the convention of 1936 was without right to review and annul the action of the convention of 1933.

Moreover, while the complaint of Division 516 before the convention of 1936 is styled an "Appeal," it is both in substance and effect a plea contesting the legality of the action of the 1933 convention, and did not call for a rehearing on the merits of the controversy, which is what is prohibited by section 49(b). The merits of the controversy were not passed on by the 1936 convention. The convention merely passed on the legality of the action taken by the 1933 convention, which it held to be illegal. This, as a matter of course, reinstated the last decision in effect prior to the action taken by the 1933 convention.

The defendant Brotherhood is a voluntary unincorporated association operating under a written constitution, rules, and by-laws. The law governing disputes arising in such associations is well settled. It is stated in Elfer v. Marine Engineers Beneficial Association, 179 La. 383, 154 So. 32, 34, as follows:

"The courts will not interfere with the internal affairs of an unincorporated association so as to settle disputes between the members, or questions of policy, discipline, or internal government, so long as the government of the society is fairly and honestly administered in conformity with its laws and the law of the land, and no property or civil rights are invaded."

No property or civil rights of plaintiff have been affected by the decision of the

1936 convention of the defendant Brotherhood. The convention decided the issue between the contending parties, and finding nothing in the proceedings or in the decision itself that is contrary to law or is in conflict with the constitution, rules, and regulation of the association, there is no reason for annulling the decision.

For the reasons assigned, the judgment appealed from is affirmed.

HIGGINS, J., absent.