MOISE, Justice.
The Court of Appeal, First Circuit, having found that the amount involved in this case exceeds its jurisdiction, has transferred this appeal to our Court. Act No. 19 of 1912.
The plaintiff, a minor emancipated by notarial act, instituted this action on May 24, 1948, seeking damages in the sum of $20,000 against the defendants, the business agent and president of Local No. 483 of the Operators Plasterers’ and Cement Finishers’ International Association of the United States and Canada, operating in the Parish of East Baton Rouge, claiming that the defendants have prevented him from securing employment and earning his livelihood in the trade or occupation known in the construction industry as that of plastering. He alleges that he went to Baton Rouge in the beginning of 1947, to pursue the trade *1103 of plasterer; that he sought membership in the local of the named trade union, 'but defendants refused to admit him on the ground that the Constitution of the Union provided that no applicant for membership •be received 'by any local until he had completed his full term of apprenticeship (a period of 4 years, or 3j£ years at the discretion of the local receiving the application). He alleges that he made every effort to become a registered plaster apprentice under the provisions of Act No. 364 of 1938, but that the defendants, with malicious intent, directed all their efforts as members of the Local Joint Apprenticeship Committee, towards defeating, blocking and refusing to permit him to become a registered plaster apprentice under the provisions of that act. He further alleges that in three instances, beginning with his employment on or about January of 1947, he was fired from jobs which he had secured, because of the interference by defendants, who threatened to have the Union foreman of the plasterers fined by the said Local No. 483 of the O. P. & C. F. I. A., if plaintiff was not dismissed. Finally, he claims that because of defendants’ actions, he has suffered “mental pain, auguish, worry and vexation”; and that his opportunity to establish himself as a permanent employee of one of the construction companies which had employed him, as well as his right to pursue the trade or occupation of his own choosing, and particularly in East Baton Rouge Parish, have been destroyed.
The defendants excepted to plaintiff’s petition on the grounds of vagueness, lack of capacity, of jurisdiction, of prematurity and of no right or cause of action.
Plaintiff, then, amended his petition.
The district judge, in sustaining the exception of no right or cause of action, and dismissing plaintiff’s suit, handed down the following written reasons:
“In this case the Court has reached the conclusion that the exceptions of no cause of action and no right of action are well-founded and should be sustained.
“Plaintiff utterly fails to allege that he is eligible under the rules of local union 483 to meet the requirements of a plaster apprentice or that he can meet these requirements. Besides he fails to show that he has complied with the provisions of Section 2 of Act No. 301 of 1908, as amended.
“In addition to this the grant or refusal of membership in a voluntary association is within the control of the organization which has the power to enact rules governing the admission of members, and unless it be shown that the applicant for membership has qualified under those rules and they have been arbitrarily violated or ignored in denying membership, courts are powerless to interfere. No such showing has been made.” From this decision the present appeal lies.
During the pendency of this appeal, Charles Spencer, one of the defendants de *1105 parted this life, and no substitution has been made in his stead.
It is patent on the face of the papers that petitioner has alleged, affirmatively, facts which put him out of court. He alleges his birth date as being September 24, 1931. At the time he was employed, in January, 1947, he was 15 years old, which is conclusive of his ineligibility for apprenticeship in the employment named, under the statute itself and the standard set by the Baton Rouge Plastering Industry Joint Apprenticeship 'Committee.
Act No. 364 of 1938, Section 6, provides:
"The term ‘apprentice’ as used herein, shall mean a person at least 16 years of age * *
Section 2 of the same statute provides:
“ * * * Subject to the approval of the Commissioner, the Apprenticeship Council shall establish standards for apprentice agreements which in no case shall be lower than those prescribed by this Act, shall issue such rules and regulations as may be necessary to carry out the intent and purposes of said Act * * (Italics mine.)
The Baton Rouge Plastering Industry Apprenticeship Standards, formulated on September 17, 1946, by the Baton Rouge Plastering Industry Joint Apprenticeship Committee, which have the approval of the United States Department of Labor and of the Louisiana State Apprenticeship ■Council, contain the following provision:
"The term ‘Apprentice’ in the -plastering industry shall mean a person at least 18 years of age and not over 25 years of age, who has entered into a written apprenticeship agreement with an employer, an association of employers or an organization ■of employees, which apprenticeship agreement provides for reasonably continuous employment for the length of time specified below; and for his participation in an approved schedule of work experience through employment, supplemented -by at least 144 hours per year of classroom instruction in subjects related to the trade.” (Italics mine.)
These standards are reasonable regulations of a trade duly authorized by the law, and we see no reason why the judiciary should interfere with the affairs of a voluntary association, when such affairs are being conducted in an orderly manner not in contravention of the express law or good morals. Elfer v. Marine Engineers Beneficial Ass’n No. 12, 179 La. 383, 154 So. 32. We concur in the district judge’s findings and his judgment will not be disturbed.
For these reasons, the judgment of the district court is affirmed at appellant’s costs.