158 So.2d 221 (1963)
William L. HEUER, Jr.
v.
CRESCENT RIVER PORT PILOTS' ASSOCIATION.
No. 1271.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1963.
Rehearing Denied December 18, 1963.
Writ Refused January 20, 1964.
John M. Holahan, New Orleans, for plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Henry J. Read, New Orleans, for defendant-appellee.
*222 Before YARRUT, SAMUEL and TURNER, JJ.
YARRUT, Judge.
Plaintiff takes this appeal from a judgment of the district court refusing to reinstate him as a member of Defendant-Association. Defendant-Association is a private corporation created by authority of the Louisiana Legislature under LSA-R.S. 34:995, and recognized as such in the case of Kotch v. Board of River Port Pilot Com'rs for Port of New Orleans, 209 La. 737, 25 So.2d 527. Defendant-Association has adopted a charter and by-laws, the pertinent provisions of which, applicable here, are as follows:

"ARTICLE XI.
"The Board of Directors shall have the following powers:
"(a) To make such expenditures and to sell and purchase property for the Association not exceeding One Thousand ($1,000.00) Dollars in any one instance; provided that by a petition addressed to the Board of Directors and signed by a majority of the members, the Board of Directors shall have the power in its discretion to make the expenditures and to sell and purchase property for the Association in such amounts as may be authorized by the petition or necessary for compliance with the petition; and
"(b) To make such by-laws, rules and regulations for the government and discipline of the members of the Association, and for the conduct and management of its business, sanctioned by such fines, pains and penalties as in their judgment shall be deemed wise, proper and necessary, and which shall not be inconsistent with law or the provisions of this Charter.
"A majority of the Board of Directors shall constitute a quorum to act for the Association in the particulars set forth above and in all other matters in this Charter specified, except where the unanimous consent of all of the Directors is required. Notice shall be given to each director of the date, time and place of each meeting of the Board sufficiently in advance to afford reasonable opportunity for all members to be present."
Under the above charter provisions the Board of Directors adopted Rule 24 of its by-laws, reading:
"Sec. 1. It shall be the duty of the Board of Directors to enforce all rules and regulations and the Board of Directors shall have supervision over the conduct of the members of this Association, and whenever any member shall be found guilty of conduct unbecoming a pilot, or shall do any act or thing which tends to bring discredit upon the Association, or be prejudicial to the best interest of the Association, the Board of Directors shall have the power to try such offending pilot, after giving him notice in writing of the acts complained against, and giving him a reasonable time to appear for trial before the Board of Directors.
"The Board of Directors shall have the power, when any member is found guilty of conduct unbecoming a pilot, to assess a fine of not less than one day's pay and not more than thirty days' pay, or, the Board may suspend the offending member for not less than one month, nor more than twelve months, and the Board shall have the power in addition, to assess a fine equal to the costs of the trial."
Plaintiff failed to account for some $237,476.51 of the Defendant-Association's funds during his 43-month tenure as President, of which amount $127,550.00 was represented by checks drawn to his own order and signed by him. He persisted in *223 his refusal to explain these expenditures, notwithstanding he was given the official audit by the Defendant-Association's certified public accountants.
Plaintiff, under the authority of the charter and by-laws, was then given notice to appear before the Board of Directors, on a date and hour named, to answer to the following charges:
"1. You have while serving as President of the Association from October 22, 1958 to September 21, 1962, expended the funds of the Association without proper authority.
"2. You have failed to comply with the request of the Association's Board of Directors for an accounting of the unsupported expenditures made by you during the period October 22, 1958 to September 21, 1962 as reflected in the Audit of F. W. LaFrentz & Co., Certified Public Accountants, dated November 17, 1962, copy of which has been furnished to you heretofore."
Upon receiving this letter Plaintiff asked Defendant's Board to summon certain witnesses. The Board stated it had no authority to summon witnesses, but would be very glad to permit any witnesses Plaintiff brought to testify in his behalf under oath. On the day and hour fixed for the hearing Plaintiff announced that his witnesses would not appear and testify because they would not testify under oath. When Plaintiff was asked to explain the basis and reason for the unexplained expenditures of $237,476.51 of Defendant's funds, particularly the $127,550.00 payable to him, he refused to give any explanation on the ground that his answers might tend to incriminate him. In effect, he pleaded the constitutional Fifth Amendment. As a result, he was found guilty of the charges and suspended for one year, the maximum suspension the Board of Directors could impose.
The basis for Plaintiff's demand that the court order him restored to membership is that his constitutional rights were denied, viz.:
"a. because the notice of the hearing failed to adequately inform petitioner with sufficient particularity just what the charges made, or action sought to be penalized, were; and petitioner could not, therefore, prepare a defense.
"b. because the association lacks the power and inclination to compel process to gain the attendance of witnesses sought by petitioner, and such association has refused to seek the attendance of such witnesses, all as per letter of the association dated May 16, 1963, attached.
"c. because the hearing was conducted by the Board of Directors, declaring at the outset that no witnesses would be heard without their first being sworn which cut off petitioner's opportunity to present evidence in his behalf by witnesses who did not wish to be placed under oath by other fellow pilots, and the association was powerless to compel these witnesses to take an oath.
"d. because the very Board of Directors who sat in judgment on petitioner at this hearing had a direct financial interest in the outcome. The earnings of each of them would increase upon petitioner's suspension.
"e. because members of the Board of Directors, by their previous actions has shown itself to be prejudiced against petitioner, thereby denying to petitioner an impartial judging authority.
"f. because members of the Board of Directors absented themselves from the hearing during the hearing."
*224 While one may refuse to answer any questions that may tend to incriminate him in a criminal proceeding, he cannot refuse to answer questions concerning his official conduct in connection with a duty he owes as officer or director of a private corporation, without subjecting himself to the civil remedies of such corporation for such breach and refusal. Under the charter and by-laws, the Board of Directors had a right to suspend him. His failure to explain his expenditures was tantamount to an admission of their illegality. Hughes v. Department of Police, La.App., 131 So.2d 99; La.Business Corporation Law, LSA-R.S. 12:36, reading as follows:
"Officers and directors shall be deemed to stand in a fiduciary relation to the corporation, and shall discharge the duties of their respective positions in good faith, and with that diligence, care, judgment, and skill which ordinarily prudent men would exercise under similar circumstances in like positions."
Plaintiff contends that his suspension as a member of Defendant-Association prevents him from earning pilot fees of $30,000.00 a year. While his suspension as a member may have that effect, for all practical purposes his license to act as a pilot can be issued or revoked only by the Governor of the State, under LSA-R.S. 34:991-34:993.
The general rule in Louisiana is that the courts will not interfere with the internal affairs of a private association so long as its affairs and proceedings are conducted fairly and honestly, and after due notice to anyone involved. Walsh v. New Orleans Cotton Exchange, 188 La. 338, 177 So. 68; Elfer v. Marine Engineers Beneficial Ass'n, No. 12, 179 La. 383, 154 So. 32; Irwin v. Lorio, 169 La. 1090, 126 So. 669; State ex rel. Rhodes Mortician & Undertaking Co. v. New Orleans Funeral Directors' Ass'n, 161 La. 81, 108 So. 132; Braden v. Lewis, 148 La. 920, 88 So. 117.
As the Board of Directors acted in accord with the charter and by-laws of Defendant, after due notice and ample opportunity given Plaintiff to explain the charges against him, which he declined solely on the ground his answers might tend to incriminate him, the action of the Board in suspending him was correct.
For the reasons herein assigned, the judgment appealed from is affirmed; Plaintiff to pay costs in both courts.
Affirmed.