312 So.2d 343 (1975)
Leonard CHABERT, Individually and as Administrator of the Estate of the minor, Leonard Charles Chabert, Plaintiff-Appellee,
v.
LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION and Vandebilt Catholic High School, Defendants-Appellants.
No. 10159.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
Rehearing Denied May 20, 1975.
Writ Granted June 30, 1975.
Charles M. Hughes, Bogalusa, for defendants-appellants.
Charles Gary Blaize, Houma, for plaintiff-appellee.
Before SARTAIN, ELLIS and BARNETTE, JJ.
*344 SARTAIN, Judge.
Defendants-Appellants Louisiana High School Athletic Association (hereinafter referred to as the L.H.S.A.A.) and Vandebilt Catholic High School bring this action to set aside a preliminary injunction issued against them in favor of plaintiff, Leonard Chabert, as administrator of the estate of the minor, Leonard Charles Chabert, prohibiting defendants from applying a transfer rule which would render the minor, Leonard Charles Chabert, ineligible to participate in interscholastic athletics for a period of one year immediately following his enrollment in Vandebilt Catholic High School.
The facts surrounding this controversy are not in dispute. Plaintiff-appellee lived in the South Terrebonne High School District in Terrebonne Parish and attended LaCache Public Elementary School which is located in that district. He completed the eighth grade at LaCache, the highest grade offered in the 1973-1974 school year. Upon graduation from LaCache, plaintiff would have been assigned, had he chosen to attend a public school, to South Terrebonne High School. Under the L.H.S.A.A. rules, plaintiff would have then been eligible to participate in athletics immediately. However, plaintiff chose to attend a Catholic school rather than a public school and thus enrolled in the ninth grade at Vandebilt Catholic High School. It is uncontroverted that this Catholic high school is the only Catholic high school in Terrebonne Parish and further that this school is located in a public school district other than the one in which the plaintiff resided.
Upon enrollment in Vandebilt Catholic High School plaintiff attempted to participate in the school's interscholastic football activities as a member of its football team. Vandebilt ruled plaintiff ineligible based upon Section 9 of the By-Laws of the L.H.S.A.A. of which Vandebilt is a member.[1]
The trial court enjoined the defendants from enforcing this rule against the plaintiff finding that such enforcement was unconstitutional in its application against this plaintiff and those similarly situated. In his written reasons the trial judge stated:
"Considering all of the facts at issue presented to the Court this Court believes that the `Transfer Rule' of the Association operates in such a manner with reference to Leonard Charles Chabert and all persons similarly situated so as to deny them their rights under, and infringe upon their rights under the First and Fifth Amendments to the United States Constitution. This Rule forces only those persons seeking a Catholic high school education who reside outside of the pupil assignment area of Terrebonne High School, if they in fact wish to obtain a Catholic high school education, to forfeit one year of athletic eligibility. Any student residing within the pupil assignment area of Terrebonne High School who wishes to attend Vandebilt Catholic High School and obtain a Catholic high school education is free to do so without paying any penalty of loss of athletic eligibility whatsoever. This appears to this Court to be absolute and outright discrimination.

*345 "If Leonard Charles Chabert had chosen to and had in fact attended South Terrebonne High School for the academic year 1973-1974 and had thereafter for the 1974-1975 school year enrolled at Vandebilt Catholic High School, this Court would have probably reached an entirely different result. Had there been located within the pupil assignment area of South Terrebonne High School, the area in which Leonard Charles Chabert resides, another Catholic high school, and had Leonard Charles Chabert still elected to become enrolled in Vandebilt Catholic High School, then this Court would have also reached a different result. But the fact remains that the only available Catholic high school in the Parish of Terrebonne for any student, no matter where he resides in the Parish, is Vandebilt Catholic High School. To permit some of the students of Terrebonne Parish to obtain a Catholic high school education by enrolling in Vandebilt Catholic High School for the 9th grade without forfeiting any athletic eligibility and to prohibit others from doing so is, in this Court's opinion, clearly discriminatory and in violation of the several constitutional guarantees set forth previously."
We reverse the decision of the trial court for the following reasons.
L.H.S.A.A. has consistently been recognized by our state courts as a voluntary association of Louisiana High Schools organized for the purpose of enforcing uniform rules regulating interscholastic athletic activities. Marino v. Waters, 220 So.2d 802 (1 La.App.1969); Sanders v. L.H.S.A.A., 242 So.2d 19 (3 La.App.1970); David v. L.H.S.A.A., 244 So.2d 292 (1 La.App.1971); Watkins v. L.H.S.A.A., 301 So.2d 695 (3 La.App.1974). Furthermore, it has been consistently held that judicial interference in the internal affairs of an unincorporated association is improper except under limited circumstances. Elfer v. Marine Engineers Beneficial Association, 179 La. 383, 154 So. 32 (1934); Jones v. Hansen, 220 La. 673, 57 So.2d 224 (1952); Heuer v. Crescent River Port Pilots Assn., 158 So.2d 221 (4 La.App.1963), writ refused 245 La. 580, 159 So.2d 288, certiorari denied, 377 U.S. 935, 84 S.Ct. 1333, 12 L.Ed.2d 298.
However, we note that the facts of the present case do not present a dispute over the internal affairs of an association. This is not a dispute among members over policy or suspension. Rather, it is a grievance presented by one who is adversely affected by an organization of which he is not a member. As was pointed out in Marino v. Waters, supra, the students themselves are not members nor does the association have individual members as such. Its membership is comprised solely of Louisiana high schools which are represented in the association through their respective principals.
In cases of the present type involving disputes by the L.H.S.A.A. and similar statewide athletic associations with non-members, the federal courts have treated the action of such associations as state action for constitutional purposes in dealing with disqualification and ineligibility rulings. Oklahoma High School Athletic Association v. Bray, 321 F.2d 269 (10th Cir., 1963); Louisiana High School Athletic Assocition v. St. Augustine High School, 396 F.2d 224 (5th Cir., 1968); Mitchell v. Louisiana High School Athletic Association, 430 F.2d 1155 (5th Cir., 1970); Brenden v. Independent School District 742, 477 F.2d 1292 (8th Cir., 1973). It is important to note from these decisions, especially Mitchell, that the privilege of participating in interscholastic athletics is not derived from nor protected by the federal constitution. Rather, it is the acts of the associations themselves which come under constitutional scrutiny due to the integral part such athletic associations play in the public school system and the total state educational program.
It is plaintiff's first contention that the action of the L.H.S.A.A. through its *346 member, Vandebilt Catholic High School, in disqualifying him for one year has abridged his freedom of religion. We are unable to find any such violation. Plaintiff has merely been temporarily prohibited from participating in interscholastic athletics, a privilege not constitutionally protected (see Mitchell). Neither the action nor its result can be said to violate plaintiff's freedom of religion for he has not been denied the right to practice his faith nor has he been denied the right to attend a parochial school.
Plaintiff's second contention is that the acts of the association violated the Equal Protection Clause of the United States Constitution. Plaintiff argues that due to the association's arbitrary districting, some students who live in Terrebonne Parish, specifically those who reside in the Terrebonne High School district (where Vandebilt, too, is located) have the option of attending a parochial school or a public school without losing a year's eligibility in athletics. He further contends that those from other districts in the same parish are compelled to attend public schools should they wish to participate in athletics immediately. Since there is only one Catholic parochial high school in the parish, those who wish to attend it from outside the public school district wherein it lies must sacrifice interscholastic athletic participation for one year.
Absent state action which affects a fundamental right, or one which is based on a suspect classification, a challenge founded on violations of the Equal Protection Clause of the United States Constitution will not lie if there can be shown a legitimate state interest, and the action in question is rationally related to that interest. San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). In the San Antonio case the court held, inter alia, that education is not a fundamental right, thereby nullifying the application of the strict scrutiny test and the need to show compelling state interest. The court required that the method by which the state financed its schools merely be shown to bear a rational relationship to legitimate state purposes.
In the present case, since neither education nor participation in interscholastic activities related to that education are fundamental rights, nor is there a classification based on suspect criteria (race, sex, etc.) the state action here complained of must merely demonstrate some rational basis related to a legitimate state interest. We think such a purpose coupled with an appropriate interest has been amply indicated.
Past history, and especially recent events, have shown the unconscionable actions to which some individuals will resort in order to insure themselves of a superior athletic program. Illegal recruiting of promising young athletes is the gravamen of this recurring problem. Not only is the atmosphere of fair competition irreparably clouded, but many times the lives of the athletes themselves in that athletics becomes primary and academicism secondary under the overbearing scrutiny of those who would entice through illicit means. It is unarguable that any state has an interest in prohibiting such occurrences in its high schools. One means towards such a prohibition is to impede those who would be the innocent objects of illegality from being immediately profitable to the perpetrators. Certainly the advantages of such undisciplined activity are considerably lessened by the application of the rule complained of herein.
While it is agreed by all parties to this suit that no illicit practices are here involved, it is not too difficult to envision the course of events which could follow in the future should the L.H.S.A.A. recognize parishwide or statewide athletic districts for a private or parochial high school merely because it happens to be the only one in a given area. Such a result would allow the sole private or parochial school to have tentacles in every district within a parish or state and thereby open the door to all evils hereinabove described. It is obvious *347 in the present case that the very parochial school which plaintiff now attends recognized this situation as a potentially dangerous one for it was they who initially applied the rule to the plaintiff and it was they who sided with the association in this matter.
We recognize that the application of the rule in this case may indeed work hardships on the plaintiff and all those who are similarly situated, but its application can not here be said to be unconstitutional. The burden plaintiff is compelled to shoulder must be viewed as the lesser and lighter one when weighed on social scales with the inevitable alternatives.
For the above and foregoing reasons, the injunction against defendants, L.H.S.A.A. and Vandebilt Catholic High School, is vacated and set aside with all costs of these proceedings to be borne by plaintiff.
Reversed and rendered.
NOTES
[1] Section 9. Transfer Rule.

Rule 1No student who enrolls in one high school and later transfers to, or enrolls in another, shall be eligible to represent the latter school in any athletic contest.
A student shall be considered as enrolled in a high school when he has enrolled and attended any class in that school. Attendance in any class constitutes enrollment.
EXCEPTION IA student who has attended a one, two or three-year high school at the high school level may, upon completion of all grades offered by that school, become eligible at once to participate in athletics upon transferring to a senior high school in his district.
A student may transfer on the completion of the seventh or eighth grade to any high school in his home district and be eligible immediately.
EXCEPTION IIAny student after completing one year's attendance from date of enrollment in a high school, and fulfilling all other requirements, becomes eligible.