ROGERS, J.
 

 Relator prosecutes this appeal from a judgment dismissing his suit on an exception of no cause of action.
 

 In his petition, relator alleges that he is a taxpayer of the city of.New Orleans, and that for - the past ten years he has been engaged in the business of promoting boxing and sparring matches in said city; that the Louisiana state boxing commission, was established under the provisions of Act 123 of 1920 of the state Legislature, and that said commission issued a license to him to conduct boxing and sparring matches and exhibitions in accordance with the terms of the statute: that he has given bond and otherwise complied with the requisites of the legislative act; and that his investment and expenditure in the business has exceeded the sum of $25,000.
 

 Relator further sets out a number of matters
 
 and
 
 things leading up to and flowing from a personal encounter with a certain reporter for one of the newspapers of the city of New Orleans, and avers that; in consequence thereof, charges were preferred against him before the commission, and he was notified by the commission to appear before it at a designated hour on June 2, 1923, to make his defense and to present a written statement of his defense to said charges; that, accompanied by his counsel, and having with him a written statement of the occurrences referred to by the commission, he appeared at the time and place fixed for the hearing of said charges, but that without any hearing whatever, and prior to receiving his aforesaid written explanation, the chairman of the commission handed him a document, dated May 31, 1923, purporting to be a revocation of his license to conduct boxing contests. He alleges his willingness and ability to meet all the issues set forth in the aforesaid letter of May 31, 1923, and gives his explanation thereof.
 

 Relator avers that the attempted revocation of his license was unjust, unreasonable, illegal, and ultra vires of the commission, and violative of the legislative act creating the commission; that said attempted revocation of his license has caused and will cause him irreparable injury.
 

 
 *421
 
 The prayer of the petition is for the annulment of the action of the commission, for the issuance of an injunction to prevent it from interfering with relator in the conduct of his business under the license granted to him. and for a mandamus to compel the commission to issue to him all usual permits for his boxing and sparring exhibitions, as required by his license and by the legislative enactment.
 

 Act 123 of 1920 was adopted by the Legislature for the purpose of permitting and regulating boxing contests and exhibitions -of not more than 20 rounds, and to create a state boxing commission with specific duties, powers, and emoluments. Section 2 of the statute provides, in part, as follows, viz.:
 

 “ * * * That the commission shall have, and it is hereby vested with, the sole direction, management, control of and jurisdiction over all boxing and sparring matches and exhibitions to be conducted, held or given within the state by any clubs, corporation or association; and no boxing or sparring match or exhibition shall be conducted, held or given within the state except pursuant to its authority and in accordance with the provisions of this act. The commission may,
 
 at its discretion, issue, and for cause revolee,
 
 a license to conduct, hold or give boxing and sparring matches and exhibitions of not more than twenty (20) rounds, to any club, corporation or association not exceeding three in any city, which shall at the time of application therefor is made, own or hold a lease for at least one year upon the building or grounds wherein it may be proposed to conduct such matches or exhibitions.” (Writer’s italics.)
 

 Relator’s position, succinctly stated, is that, the commission in the exercise of its discretion having issued a license authorizing him to conduct the business provided for by the statute, he has become vested with a franchise and property or a property right, on the faith of which he has expended large sums ,of money, and he cannot be deprived of his privilege and his property; first, without a hearing before the commission itself and, secondly, without a review by the courts of any adverse ruling madq by the commission after said hearing.
 

 Respondent, on the other hand, contends that the right reserved to the commission, in the legislative act, to revoke a license for cause, without specifying such cause or causes, is a discretionary right, which it may exercise
 
 at
 
 any time without notice to or hearing of the
 
 licensee;
 
 and that, since the commission is a branch of the executive department of the state government, its action in revoking a license is not subject to review or control by the judiciary. This was the view taken by the court below in maintaining respondent’s exception.
 

 There is no force in relator’s contention that the license which he received from the commission constitutes a franchise, property, or a property right. The sole object of the statute is to authorize and regulate the business specified therein. A license issued for that purpose, by the authority established by the Legislature, is neither a contract, nor property, n< r a vested or property right. It is merely a permit or privilege to carry on the particular business specified in the statute, which, without the license, would be unlawful. See
 
 87
 
 C. J. § 4, p. 168; § 109, p. 246.
 

 The statute under' which relator received his license expressly authorizes and empowers the state boxing commission to revoke the license for cause. Inasmuch as the licensee is bound to know that his license was revocable, any expenses which he incurred in the promotion and conduct of his enterprise were, -necessarily, at his own risk and peril.
 

 The power of the respondent commission, under the legislative enactment, to revoke for cause any license granted by it is incontrovertible. Whether its action of revocation can be reviewed by the courts is a matter upon which we express no opinion, and which it is unnecessary to decide at the present time. The only question we are called upon to dispose of now is as to whether the relator
 
 *423
 
 was entitled to notice and a hearing by the commission before his license was revoked.
 

 We do not think it will be seriously disputed that, where licenses such as the one in question here are granted by a legislative act, which provides for the method of revocation. that method must be rigidly followed. If notice and a hearing is required, a revocation without such is of no effect. If it is expressly provided that the license may be revoked without notice, the licensee in accepting the license is bound by and subject to the condition. 'Where, however, the statute is silent as to notice and hearing, the legislative intent in regard thereto must be determined from the language of the statute itself.
 

 Act 123 of 1920 neither provides for notice and hearing upon revocation, nor that such notice and hearing is unnecessary. It is silent upon that point. In its language, however, a distinction is drawn between the manner of issuing and the method of revoking a license. The commission may issue the license at its discretion, but it can only revoke it for cause. The distinction appears to have been made ex industria by the Legislature. Since it is contrary to all legal principles and against the spirit of common fairness to condemn any individual upon any charge without giving him an opportunity to meet and disprove it, and, since the statute does not in express terms dispense with notice and hearing, we think by fair implication, when it "restricts the right of revocation by the coinmissioni for cause only, it necessarily means for any cause which the commission may determine justifies such action after notice and hearing to the licensee to appear and answer any charge or complaint lodged against him.
 

 "Nor can the right of the licensee to appear and be heard in defense of his rights be considered a mere empty one. Conceding that the action of the commission in revoking for cause any license - granted by it is final and not subject to judicial review, nevertheless, even in such a case, since the only protection afforded to an innocent holder of a license lies in the fairness, honesty, and efficiency of the members of the commission as public officials, and in the presumption that they will not act arbitrarily or capriciously in the performance of their official duties, it may well happen that, where an opportunity is given to a licensee to be heard on complaints or charges against him, he may make such defense or offer such explanation as will convince a conscientious and fair-minded tribunal that said charges or complaints are unfounded, or possess so little merit as not to require the imposition upon him of the extreme penalty of revocation of his license.
 

 Our conclusion is that respondent’s exception should have been overruled by the court below.
 

 For the reasons assigned, the judgment appealed from is set aside, the exception of no cause of action herein filed is overruled, and this case is remanded to the district court, to be there proceeded with in a manner not inconsistent with the views herein expressed.
 

 O’NIELL, C. J., concurs in the result.