OVERTON, J.
 

 Plaintiff is a resident of the city of New Orleans, and has pursued the profession of accountancy therein since 1920. He did not possess a certificate as an accountant from the state of Louisiana, but did possess one as a certified public accountant, issued by the state board of certified public accountants of Mississippi. In September, 1924, he filed his application, under Act No. 136 of that year, for a certificate as a public accountant. In October of the same year, A. J. Derbes filed an opposition with the Louisiana board to the issuance of the certificate.
 

 The opposition sets out specifically the various charges upon which it rests, the substance of which is that plaintiff is not morally fit to be entitled to the certificate. A copy of the opposition was delivered to plaintiff, and, on November 25, 1924, plaintiff being represented by counsel, the opposition was taken up for trial.
 

 The trial lasted for several days, during which a large volume of evidence was taken. An assistant in the Attorney General’s office sat with the board, in an advisory capacity, throughout the trial. When the hearing of evidence was completed, the case was argued and submitted. Several months thereafter the board rendered and signed the following order, to wit:
 

 “In this matter by reason of the authority vested in this board by the provisions of Act No. 136 of the Legislature of Louisiana for the year of 1924, a regular hearing was granted upon the application of George P. Eberle for registration as a public accountant, and evidence submitted both upon the part of the applicant, and upon the part of Albert J. Derbes, protesting against the issuance of a certificate upon such application.
 

 “After carefully reviewing all the evidence, quite voluminous in character and contained in the transcript of the proceedings before this board; and considering also the oral argument of counsel, as well as the briefs submitted, this board is of the opinion that the application of George P. Eberle for registration as a public accountant should be refused.
 

 “The applicant, George P. Eberle, has failed to satisfy this board as to good moral character as provided by section 2, subsec. 1 of Act No. 136 of 1924.
 

 “It is therefore ordered that the application of George P. Eberle for registration as a public accountant in the State of Louisiana is hereby denied and refused.”
 

 After the rendition of this order, plaintiff applied to the board for a rehearing on the grounds that the board acted without due consideration, and that the decision was signed by four members, when there were, only three present, out of the five members, constituting the board. The application for a rehearing was refused. It may be observed that the fourth member read the evidence before signing the original decree.
 

 Upon the refusal of the application for a rehearing, plaintiff, availing himself of the provisions of section 2, subsec. 7, of Act No. 136 of 1924, appealed by petition to the Civil District Court for the Parish of Orleans, asking that the state board of certified public.
 
 *321
 
 accountants of Louisiana be ordered to issue him the certificate, applied for, authorizing him to follow, in this state, the calling of a public accountant. The case was tried on its merits in the district court, and judgment was rendered rejecting plaintiff's demand.
 

 The first paragraph of subsection 1 of section 2 of Act No. 136 of 1924, which relates to the issuance of certificates, reads as follows:
 

 “Any citizen of the United States, residing or having a place for the regular transaction of business in the State of Louisiana, being" over the age of twenty one (21) years, of good moral character, and who shall have received from the State Board of Certified Public Accountants, a certificate of his qualifications to practice as a Certified Public Accountant, as hereinafter provided, shall be styled and 'known as a Certified Public Accountant, and it shall be unlawful for any other person or persons to assume such title or use any such letters, abbreviations or words to indicate that the one using same is a Certified Public Accountant, except that those who shall be engaged in the practice of the profession of Public Accounting within the State of Louisiana, at the time of the passage of this Act as Public Accountants and who have not qualified as Certified Public Accountants and who have been in continuous practice for their own account or as a Senior Accountant for any firm or individual of Public Accountants for a period of not less than three years, and who has been maintaining an office as a Public Accountant immediately prior to the passage of this Act,
 
 and who shall ' satisfy the State Board of Certified Public Accountants as to their good morad clwacter and professional experience,
 
 shall be allowed to practice as Public Accountants and to be styled as such, but not to be allowed the title of Certified Public Accountant, or the use of the abbreviation C. P. A., provided that application for registration of those not holding C. P. A. certificates under Act 125 of 1908, shall be filed with the State Board of Certified Public Accountants, within sixty days after the passage of this Act. Nothing in this Act shall be construed as invalidating any certificate heretofore issued by the Louisiana State Board of Accountants. All holders of certificates as Certified Public Accountants, or Public Accountants, under this Act shall be governed and controlled by the rules and regulations adopted by the State Board of Certified Public Accountants.” (Italics ours.)
 

 In subsection 7 of section 2 of the act provision is made for appeals to the courts from decisions of the board, as follows: “Providing any person believing himself to be injured by any decision of the said Board shall have the right of appeal to a Court of competent jurisdiction. * * * ”
 

 Plaintiff’s appeal from the ruling of the board rests primarily upon the proposition that the charge against him is false and untrue, and is not borne out by the evidence. In the trial court, to substantiate this complaint, he offered in evidence the transcript of the testimony taken before the state board of certified public accountants, but this was received in evidence for the limited purpose of showing whether the proceedings before the board were regular, and whether they were such as to deprive plaintiff of due process of law. In short, the trial court took the position that it had no right to inquire into the facts offered before the board to determine their weight and sufficiency to support the order rendered.
 

 In this ruling, we think that the trial court was correct. The Legislature has seen proper to create the board and to vest it with the
 
 *323
 
 power to determine to its satisfaction whether the applicant for a certificate as a certified public accountant, or simply as a public accountant, possesses the required qualifications, including the qualification of good moral character. When the qualification of the applicant as to good moral character is regularly determined, and in determining it he is not deprived of his legal rights, or of the law of the land, the ruling of the board is final, and its finding of fact must be considered correct, for it is not the courts that are vested with the power to determine whether in truth the applicant’s character is good, but it is the hoard that is vested with that power, and it is only upon legal questions involved that the appeal lies to the courts. Under the clear wording of subsection 1 of section 2 of the act, unless the applicant satisfies the board of his good moral character, he is not entitled to the certificate.
 

 Plaintiff has pointed out no irregularity in the proceedings of the board, and to all appearances the proceedings appear to have been fair and regular. In fact, as appears from his petition, plaintiff’s real complaint is that the charges against him are not borne out by the evidence.
 

 Finding no error in the judgment of the district court, the judgment is affirmed.