O’NIELL, C. J.
 

 This is a proceeding by mandamus to compel the state board of certified public accountants to issue to the relator a license to practice as a certified public accountant and to use the initials, C. P. A., in designation of his profession. The suit is brought under section 5 of Aet No. 130 of 1924, p. 210, which provides:
 

 “The State Board of Certified Public Accountants of Louisiana, may, in its discretion, register the certificate of any Certified Public Accountant who is the lawful holder of a Certified Public Accountant’s certificate issued under the law of another State, and may issue to such Certified Public Accountant a certificate which shall entitle the holder to practice as such Certified Public Accountant
 
 *264
 
 and to use the abbreviation ‘O. P. A.’ in this State, provided that the State issuing the original certificate grants similar privileges to the Certified Public Accountants of this State.”
 

 The relator is the lawful holder of a certified public accountant’s certificate issued by the state board of accountancy of Mississippi, which state accords to the certified public accountants of Louisiana the same privilege which is granted by this state under section
 
 5
 
 of Act No. 136 of 1924.
 

 This suit was dismissed on an exception of no cause or right of action, the exception being founded upon the proposition that the state board of certified public accountants is not compelled, in any case, to issue the so-called reciprocal certificate, but, according to the language of the statute, “may, in its discretion,” issue such a certificate. The relator appealed from the decision; and this court set aside the judgment, overruled the exception of no cause or right of action, and remanded the case for further proceedings. See State ex rel. Thoman v. State Board of Certified Public Accountants, 164 La. 42, 113 So. 757.
 

 • The reason for the ruling that the relator’s petition did disclose a cause of action was that he had alleged that thé board’s refusal to grant him a reciprocal certificate was without any reason; which allegation, it was held, was the same as to say that the board had acted arbitrarily in the matter.
 

 The case was then tried on its merits, in the civil district court, and the judge, finding that the board had not acted arbitrarily, but had exercised its discretion fairly and impartially, rejected the relator’s demand. He has appealed again.
 

 It appears that, before the relator applied to the Louisiana board for a so-called O. P. A. certificate, he applied for and was granted a public accountant’s certificate, which, according to section 1 of the statute, does not entitle the holder to use the title, or initials O. P. A. When that application was made, the board inquired of the applicant’s former employer as to the applicant’s qualifications, and the response was unfavorable. The board came to the conclusion, however, that the employer’s objection to the granting of the public accountant's certificate was the result of prejudice, and not well founded, and therefore the board granted the public accountant’s certificate. Thereafter, in the consideration of an application of another person for a O. P. A. certificate, which the board refused to grant because of a transaction on the part of the applicant which the board deemed unethical, the board came to the conclusion that the relator iii this case had sanctioned the transaction which the board deemed unethical. Therefore, when the relator after-wards applied for a O. P. A. certificate the' board made further inquiries, the result of which was unfavorable to relator. He was informed of the complaint and was afforded an opportunity to be heard. In fact, he does not charge in this suit that he was1 denied a hearing by the board. After the board had refused to grant him a O. P. A. certificate, the board was informed of the circumstances under which the Mississippi board had issued its O. P. A. certificate, and came to the conclusion that the representations on which the relator had obtained that certificate were not all true. Three members of the board who testified in this case, being a majority of the members, declared that the inaccuracies in the representations-on which the relator obtained his Mississippi certificate would be an additional reason why the Louisiana board would refuse to issue a reciprocal certificate. The alleged misrepresentations had reference to
 
 *266
 
 the applicant’s past experience as an accountant, and as to his residence in Mississippi. We do not find from the evidence that there was any intentional misrepresentation — if in fact there was any misrepresentation at all —to the, Mississippi board; nor do we find that the appellant is not a man of good moral character. On the trial of this case the evidence was so convincing, that it was virtually conceded, that his general reputation was • that of a man of good moral character. On the other hand, we have no right to substitute our judgment for that of the board of certified public accountants, as to whether the relator is worthy of á O. P. A. certificate. All that we have to decide in such cases is whether the board discriminated arbitrarily against the applicant for a certificate, or exercised its discretion fairly and impartially. Whether the board’s judgment was exercised wisely or unwisely is not for us to decide. State ex rel. Eberle v. State Board of Certified Public Accountants, 171 La. 318, 131 So. 32.
 

 Relator pleaded in the civil district court that section 5,of Act No. 136 of 1924 was unconstitutional in so far as it undertook to give the board the absolute discretion either to grant or withhold reciprocal certificates, on the ground that, in that respect, the object of the» statute was not expressed or indicated in its title. The object expressed in the title of the act of 1924 is merely to amend and re-enact the title and sections 1, 2, 3, 4, 5, 6, 7, and 8 of Act No. 125 of 1908, entitled “An Act to regulate the practice of public accounting,” etc. The only change, madé in section 5 of the act of 1908, by the amendment of 1924, was to call the board the state board. of certified public accountants, which was called the Louisiana state board of accountants, in the act of 1908. Our .opinion is that the title of the act of 1924 contained a sufficient indication to make that change in the law. The relator, however, is not concerned with the question of constitutionality of section 5 of the act of 1924, in that respect, because, if section 5 of the act .of 1924 should be declared unconstitutional, the
 
 corresponding
 
 section of the act of 1908 would prevail.
 

 The judgment is affirmed.