FOURNET, Justice.
 

 This is a tort action and is a companion suit to the case of Walsh v. Bertel, 187 La. 877, 175 So. 605, growing out of the alleged unwarranted revocation of plaintiff’s license as a cotton weigher by the New Orleans Cotton Exchange, and as a result thereof his discharge as a cotton weigher by the Board of Commissioners of the Port of New Orleans.
 

 The case is before us on appeal from the ruling of the lower court excluding any testimony in the trial of the case for the reason that the plaintiff’s petition did not state a cause of action.
 

 The suit was brought under the provisions of article 2315, Civil Code, which provides that “every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it”; and for cause of action plaintiff has alleged, in effect, that on August 27, 1928, the New Orleans Cotton Exchange issued a license to him as a cotton weigher under the rules and regulations of the corporation; that on May 5, 1932, his license was revoked by the board of directors of the New Orleans Cotton Exchange upon the recommendation of the committee on supervision and deliveries of the said corporation, without any statement of charges or complaint of misconduct, or a proper hearing, but upon his protest, a further hearing was conducted by the committee on supervision and deliveries, who recommended the cancellation of his license; that such action was unwarranted because there was no evidence that he at any time violated any of the rules and regulations of the defendant or in any way was guilty of any negligence or fault for which his license could be revoked. He further alleged that he had been paid the sum of $250 per month by the Board of Commissioners of the Port of New Orleans, as a weigher, from October 16, 1930, up to the date of his discharge, May 10, 1932, and that he has been deprived of the power of earning his livelihood, since the weighing of any tenderable cotton bought and sold under the rules of the New Orleans. Cotton Exchange is confined exclusively to their licensed weighers.
 

 It is conceded by counsel for plaintiff in his argument, both oral and in brief, that
 
 *341
 
 the courts are without authority to review the proceedings of the board of directors of the New Orleans Cotton Exchange which resulted in the revocation of his license, or to have his license reinstated, but, nevertheless, counsel for plaintiff contends that, the actions of the defendant being unwarranted and having been deprived of his means of earning a livelihood, he has been damaged and defendant must repair it. It is plaintiff’s theory of the case that the defendant having undertaken the duties imposed upon it by the Legislature under the provisions of section 4 of Act No. 15 of 1915, Ex.Sess., to determine the fitness of weighers and to recommend them to the Board of Commissioners, for which defendant receives compensation, it cannot revoke licenses once issued by it except for just cause, and then only in accordance with the rules and regulations adopted by the defendant, and the facts warrant such action.
 

 Section 4 of Act No. 15 of 1915, Ex. Sess. reads as follows: “Samplers, weigh-ers and inspectors employed for sampling, weighing and inspecting cotton received and delivered at said warehouses, are to be appointed by the Board of Commissioners, on and by a recommendation of the Board of Directors of the New Orleans Cotton Exchange, which recommendation shall make the New Orleans Cotton Exchange responsible for the accuracy and correctness of the weighing, sampling and inspecting of the said cotton for which responsibility and warranty, a sum to be agreed on by the Board of Commissioners of the Port of New Orleans and the Cotton Exchange shall be set aside and paid to said Cotton' Exchange which shall always be provided by a charge against the cotton for the service rendered.” '
 

 Thus it may be seen that the issuing of licenses to samplers, weighers, and inspectors of the New Orleans Cotton Exchange is not provided for in the act, but, it appears, arose as the result of custom and the rules and regulations of the Cotton Exchange. The act merely provides that it is the duty of the board of directors of the New Orleans Cotton Exchange to recommend, which duty, if exercised automatically, makes it responsible and a warrantor for the correctness and accuracy 'of the sampling, weighing, and inspecting of cotton, by those it recommends, and necessarily, being made responsible for the accuracy and correctness of the actions of those recommended, implies without saying that it has the right to withdraw such recommendation at will. The fact that thé rules and regulations were adopted by the defendant, which developed as a result of the custom the defendant established for the issuance of licenses (recommendations) for samplers, weighers, and inspectors and for the revocation thereof, does not help the case of the plaintiff in this instance, for the reason that this court has repeatedly held that it “will not entertain jurisdiction of the complaint of an expelled member where the proceedings for his expulsion were conducted under the rules of the association and he was given fair notice and an opportunity to be heard.” Elfer v. Engineers Beneficial Association No. 12, 179 La. 383, 154 So. 32, 34. See, also, State ex rel. Orleans Athletic Club et al. v. Lou
 
 *343
 
 isiana State Boxing Commission, 163 La. 418, 112 So. 31; State ex rel. Eberle v. State Board of Certified Public Accountants, 171 La. 318, 131 So. 32; State ex rel. Thoman v. State Board of Public Accountants, 172 La. 261, 262, 134 So. 85.
 

 For the reasons assigned, the judgment of the lower court is affirmed at plaintiffs cost.
 

 HIGGINS, J., takes no part,