DORÉ, Judge.
This matter comes up as a result of the Louisiana Board of Alcoholic Beverage Control, hereinafter referred to as the Board, revoking the retail and liquor license that had been issued to Betty White and pursuant to which she had been operating a saloon known as Cedar Grove Club, at Gonzales, in the Parish of Ascension. Developments in the case may be summarized briefly as follows:
On February 5, 1951 Shirley G. Wimberly, in the capacity of a private citizen and resident of Orleans Parish, filed a petition with the Board alleging that Betty White had violated certain provisions of the Alcoholic Beverage Control Law and praying that she should be summoned to show cause why her permit should not be suspended or revoked. Under the same date the Board sent defendant a notice of a hearing to be held on February 15, 1951. On February 15th defendant appeared, with counsel, and filed an exception of vagueness leveled at all the pertinent parts of Wimberly’s petition, an exception of no cause and no right of action based on several grounds, and an answer which denied the allegations made. The exceptions were overruled and the hearing was had, at the conclusion of which the Board, also on February 15th rendered judgment, to be’effective on March 1, 1951, revoking defendant’s permit. On February 27th defendant filed a petition (of appeal) with the Twenty-third Judicial District Court, re-urging the exceptions filed with the Board, attacking the constitutionality of parts of the Alcoholic Beverage Control Law, LSA-RS 26:1 et seq., and asking for a restraining order to stay execution of the Board’s judgment. The restraining order was denied by the District Court, and on February 28th defendant applied tO' the Supreme Court for writs of certiorari, mandamus and prohibition; a writ of certiorari was granted, along with an order staying all proceedings against relator in the Twenty-third Judicial District Court. On March 20, 1951, on joint motion by counsel for defendant and for the Board, the Supreme Court recalled the writ of certiorari, amended its stay order SO' as to suspend enforcement of the Board’s order both by the Board and in the Twenty-third Judicial District Court, and remanded the case to the Twenty-third Judicial District Court for determination of the issues involved. The matter was set for trial in the District Court on May 29, 1951. On that date, and before going to trial, defendant filed a motion to set aside the fixing of the trial date on the ground that a suit was then pending in’ the Nineteenth Judicial District Court seeking a declaratory judgment holding the Alcoholic Beverage Act unconstitutional; the motion was denied. Defendant also filed a special plea setting up the unconstitutionality of the Alcoholic Beverage Control Act.
The Louisiana Wholesale Liquor Dealers Association, Inc. filed a brief petition asking for leave to enter the cause amicus curiae, which was granted. Thereafter that association took no active part other than to join with the Board in presenting a brief to this Court on appeal.
Hearing of the case in the District Court was begun on May 29th and concluded on May 30, 1951. It is noted that the judgment signed by the District Court recites that it was read, rendered and signed on May 30, 1951, yet it is stamped “Filed May 29, 1951 * * * ” This, however, we consider a harmless error on the part of the clerk. The lower court’s judgment affirmed the order of the Board revoking the permit held by defendant. On June 2, 1951 defendant filed a motion for new trial or rehearing, which was denied on June 19th. Defendant’s counsel then moved for a suspensive or, in the alternative, a devolu-tive appeal; a devolutive appeal was granted and the appeal bond was filed on June 26, 1951.
Counsel for the Board has asked that the appeal be dismissed because the motion for appeal was oral rather than in writing, urging that all pleadings in district courts must be in writing. This claim we do not consider as serious. Code of Practice, Article 573 specifically provides that appeals may be taken by petition or by *872 motion in open court, at the same term at which the judgment was rendered, and our Supreme Court has held in Anderson v. Thomas, 166 La. S12, 17 So. 573, that a motion for appeal in open court need not be in writing unless so required by the rules of court.
The exceptions filed by defendant will be discussed first. The first of these was an exception of vagueness levelled at paragraphs two, three and four of complainant’s petition, which read as follows:
2. That on the 17th day of November, 1950, the said Betty White and/or her authorized agents, representatives and employees did sell or serve alcoholic beverages to an intoxicated person.
That on the 17th day of November, 1950, the said Betty White and/or her authorized agents, representatives and employees did indiscriminately solicit or accept regulated beverages from patrons or habitues of her establishment on or about the licensed premises.
3. That on the 10th day of December, 1950, the said Betty White and/or her authorized agents, representatives and employees did sell or serve alcoholic beverages to intoxicated persons, and was also guilty of immoral and improper conduct or practices.
That on the 10th day of December, 1950, the said Betty White did sell or serve alcoholic beverages to an intoxicated person.
That on the 10th day oí December, 1950, the said Betty White did indiscriminately solicit or accept regulated beverages from patrons or habitues of her establishment on the licensed premises.
4. That on the 14th day of January, 1951, the said Betty White was guilty of disturbing the peace and was also guilty of committing immoral and improper conduct or practices on or about the licensed premises.
That on the 14th day of January, 1951, the said Betty White did indiscriminately solicit or accept regulated beverages from patrons or habitues of her establishment on the licensed premises.
That on the 14th day of January, 1951, the said Betty White did invite or permit a person under the age of seventeen (17) years to visit or loiter in or about a place where alcoholic beverages or beer are the principal commodities sold or handled.
That on the 14th day of January, 1951, the said Betty White did sell and/or serve alcoholic beverages to a person under the age of eighteen (18) years.
In her exception of vagueness defendant contends that Article 2 failed to set out who made the alleged sale to an intoxicated 'person and who the person was, and who solicited beverages from patrons and from whom they were solicited. She insists that paragraph 3 should have stated the identity of the intoxicated person to whom alcoholic beverages were allegedly sold, and should have set out what acts constituted the “immoral and improper conduct” charged against her. She insists that paragraph 4 is vague in that it did not set forth facts that constituted disturbing the peace or improper conduct, did not show from whom she solicited beverages, and did not identify the minor or minors involved.
 Either a casual or careful reading of petitioner’s complaint will show that the allegations made therein contained conclusions and not facts, and did not meet the requirement of Section 63 of the Alcoholic Beverage Control Act, LSA-RS 26:91, that the petition set forth “the facts and circumstances of the violation”. To say that the Board is a fact finding body and not a court and that procedural rules should be relaxed before the Board does not excuse the Board from following the requirements of the statute. Our law provides for revocation of a permit only after a hearing, and the hearing is to be held after the per-mittee is apprised of the facts and circumstances of the violation charged against him or her. Without advance notice of those facts the permittee cannot prepare for the hearing. We think defendant’s exception of vagueness should have been sustained by both the Board and the District Court.
Under defendant’s exceptions of no right and no cause of action she complains again that the petition did not allege facts, and also that complainant personally *873 swore to the correctness of his own petition on information and belief, and that complainant did not make affidavit that he would he present at the hearing of the complaint. The absence of facts in the petition, we think, could properly be raised by either the exception of vagueness or exception of no cause of action. We do not agree with counsel for defendant that only an attorney and not the complainant can swear to facts in a petition on information and belief. See Code of Practice, art. 172.1, LSA-RS 13:3601. But the next ground given for this exception is well taken. Section 63 of the Alcoholic Beverage Control Law, LSA-RS 26:91, states, after naming three persons or groups who may file petitions asking for revocation of a permit, that: “No such petition shall be considered by the board unless sworn to 'by the petitioner in an affidavit which also affirms that the petitioner, together with witnesses, if any, will appear at the hearing to establish the allegations of the petition, Sfc i}c ^ 11
The complainant in this instance did not affirm that he would be present at the hearing, or that any witnesses would be there; nor did' he allege the facts that constituted a cause or causes for suspension or revocation of the permit. When this faulty procedure was objected to by defendant it could not be overcome simply by petitioner appearing at the time set for the hearing and offering to produce witnesses and evidence. When the revocation of a boxing license was being considered our Supreme Court said, in State ex rel. Orleans Athletic Club v. Louisiana Stae Boxing Commission, 163 La. 418, 112 So. 31, 32: “We do not think it will be seriously disputed that, where licenses such as the one in question here are granted by a legislative act, which provides for the method of revocation, that method must be rigidly followed. If notice -and a hearing is required, a revocation without such is of no effect. * * * ”
We think that language is applicable here too; and, since the state has prescribed the terms under which it will grant such licenses as the one 'here involved and likewise the terms under which they may be revoked, and particularly since t)he state has specifically prevented an aggrieved permittee from taking .a suspensive appeal when a permit is revoked, we are in full' accord with the Supreme Court in its hold--ing that the method of revoking a permit must be rigidly followed.
In addition to these defects, the notice or summons sent out by the board did not comply with the requirements of LSA-RS 26:96, which provides: “Whenever the board is to hold a hearing pursuant to the provisions of this Part, it shall issue a written summons or notice thereof to the applicant or permittee, as the case may be, directing him to show cause why his application should not be refused or why his permit should not be suspended or revoked. * * *. The notice or summons shall enumerate the cause or causes alleged for refusing the application or for suspending or revoking the permit. When a petition has been filed opposing the issuance of the permit or asking, for its suspension or revocation, a copy of the petition shall accompany the notice or summons. * * * ”
The summons issued to Betty White did not enumerate the causes alleged for revoking the permit. That requirement is not met by simply annexing a copy of complainant’s petition to the summons, for the act specifically makes that an additional and further requirement. The procedure required of the Board by the Legislature was not followed here in several respects, and for that reason the exceptions of no right and no cause of action should have been sustained.
While this matter could for the present be disposed of on the exceptions discussed above, we feel that since the testimony has already' been heard twice and since the entire record is before us we should also examine and pass on the merits of the case. The original complaint before the Board charged defendant with selling liquor to an intoxicated person and soliciting drinks from patrons on November 17, 19S0, doing the same things and also engaging in immoral conduct on December 10, 1950, and that on January T4, 1951 defendant was guilty of *874 disturbing the peace, soliciting drinks, permitting a minor under 17 to loiter about the place, and selling alcoholic beverages to a person under 18 years of age. At the trial in the District Court there was no evidence whatever of any immoral conduct on the part of defendant on December 10, 1950 or at any other time. As to the matter of disturbing the peace, it was shown that during t)he early morning hours of Sunday, January 14, 1951, ■somewhere around 2 a. m.,' several men came into defendant’s establishment supposedly as patrons but for the actual purpose, as subsequently declared by them, of closing up defendant’s place of business “for good”. After other patrons had left these visitors refused to leave, although defendant several times asked them to leave so she could close up. Finally defendant brought in a gun and discharged it through the front screen door, some time around 5 a. m., and the visitors then departed and called the sheriff. A charge of disturbing the peace was filed against defendant, but the grand jury returned “Not a True Bill”. We also feel that the evidence produced against defendant does not support this charge.
The evidence showed that defendant never employed any “B girls” and never employed any minors below the age set by the Alcoholic Beverage Control Law. There was no substantial evidence to support either of the charges of indiscriminately soliciting or accepting regulated beverages from patrons. Likewise, there was no evidence whatever that defendant or any of her employees had ever served drinks to persons who were drunk. On the contrary, defendant and several employees who had been with her at various times all testified that she regularly instructed them not to serve drunks or minors. While it is true the evidence showed that two patrons had on occasion been in her place while drunk or intoxicated, there was no evidence that she or her employees had sold or served alcoholic beverages to them while they were in that condition. Of course, in any bar the patrons will be under the influence of liquor; but that is a different state from being “intoxicated”, and it is only an “intoxicated person” that the law says the owner must not sell to or serve.
This leaves for consideration only the charges that a minor under 17 had been permitted to loiter about the place and that intoxicating beverages had been served to a minor under 18. In support of these two charges complainant attempted to show that during the early morning of January 14, 1951, a boy, John Bateman, age 16, was allowed to loiter in Cedar Grove _ Club and was served' intoxicating beverages. The evidence showed that young Bateman came to the Club in the company of his father about the same time as the other “visitors” who came on that occasion, referred to above; that the father left the son there while he went to take his “date” home, and then he, too, returned and sat around some. Nobody testified to having seen any intoxicating beverage served to the boy, although some of complainant’s witnesses testified that they noticed him drinking. However, their testimony was contradictory as to whether his drink was clear in color or the color of Coca-Cola. On the other hand; Mrs. Edna Whitehead, who was behind the bar for defendant at the time, testified positively that John was not served any intoxicant, but that after she had seen the boy left there, she, as a matter of courtesy, served him a glass of ice water and nothing else. This boy was generally known to be an employee of a pool hall in Gonzales in .connection with which a bar was operated, and his exact age was not known to defendant or to Edna Whitehead. Since it is probable that his presence in the Club was a part of the plan of the visitors who came there for the purpose of closing up t'he Club, we find it difficult to give any credence to the testimony given by him or to the testimony given about him by the other witnesses produced by complainant.
We feel that on the merits of the case complainant has utterly failed to establish his case or prove any of the complaints filed against defendant.
In view of what has already been said there is no need to pass on the several *875 questions raised concerning the 'constitutionality of the Alcoholic Beverage Control Law. However, we feel that some expression should be made on one phase of the constitutional questions. Since by provisions of the Alcoholic Beverage Control Act defendant was denied' the right of suspensive appeal from the Board’s order revoking her license, her counsel asked the District Court for a temporary restraining order to enjoin operation of the Board’s order pending the devolutive appeal. The court refused to grant the restraining order on the ground that under the Alcoholic Beverage Control Law it had no jurisdiction to issue such order. Subsequently our Supreme Court granted a stay order as requested by defendant, staying execution of the Board’s order until final determination of the case on appeal.
Section 64 of Act 360 of -1948, the Alcoholic Beverage Control Law, LSA-RS 26:106, provides: “When the board or local authorities have withheld, the issuance of a permit or when the board has summoned a permittee to show why -his permit should not be suspended or revoked, the courts of this state have no jurisdiction to interfere in any manner or to issue restraining orders and writs of injunction restraining the board from proceeding under the provisions of this Chapter. The jurisdiction of the courts is restricted to appeals * *
Article VII, Section 2 of our state constitution provides: “The Supreme Court, the Court of Appeal, and each of the judges thereof, * * * may also in aid of their respective jurisdictions, original, appellate, or supervisory, issue writs of mandamus, certiorari, prohibition, quo war-ranto, and all other needful writs, orders and process * * *.”
If the section quoted above from the Alcoholic Beverage Control Law should be so construed as to limit the supervisory powers of our appellate courts and Supreme Court beyond the authority given by the Constitution, it would to that extent be invalid. Our interpretation of that section, and this is evidently in line with the view taken by the Supreme Court, is that the section was intended only to prevent the courts from interfering with the conducting of hearings by the Board of Alcoholic Beverage Control as provided for in the act, and nothing more.
For the reasons given herein the judgment of the District Court and the order of the Board is reversed and the complaint dismissed at complainant’s cost.