On Rehearing
JANVIER, Judge.
The facts which gave rise to this controversy and the issues which are presented are set forth in our original opinion. In our decree we annulled and avoided the action of the Board of Aldermen of the City of Gretna in revoking a retail liquor permit which had been issued to Peter Dauenhauer for the conduct of an establishment know as “Brown Bomber”, and we enjoined the said Board from enforcing its order of revocation of the said permit. We gave as our reason for our action our *31 conclusion that the Board of Aldermen had not given to Dauenhauer proper notice of the hearing which it had held on the complaints which had been made against the operation of his said establishment.
An application for rehearing lead us to believe that possibly we were in error in our holding that proper notice had not been given and we granted a rehearing and the matter is now before us on that rehearing.
As stated in our original opinion, the statute which authorizes the revocation of such a license by a municipality is LSA-R.S. 33:4785. This requires that a hearing be held, and section 4787 sets forth the type of notice which must be given to the permittee before such a hearing may be held. That section provides:
“The notice shall enumerate the cause or causes for suspending or revoking ' the permit, and shall be sent by registered mail to the holder of the permit at the address of his place of business • as given in his application for the permit, or may be served on him in person by an officer or employee of the municipality.”
In this matter the notice itself did not set forth the causes for which the revocation was sought and we held for this reason the notice was fatally defective. However, attached to the notice and made a part of it by reference was a complete listing of the several complaints which were made and which were to be investigated at the hearing.
In holding that in attaching to the notice the list of complaints instead of in setting them forth in the notice itself the municipality had not complied with the requirements of the statute, we cited with approval a decision and decree of the Court of Appeal for the First Circuit in which, in a somewhat similar situation, that Court had said:
“The summons issued to Betty White did not enumerate the causes alleged for revoking the permit. That requirement is not met by simply annexing a copy of complainant’s petition to the summons, for the act specifically makes that an additional and further requirement.” [54 So.2d 869, 873.]
We now notice a feature which we think distinguishes that case from this. The statute which was applicable there provided not only that the notice itself must contain a list of the specific charges, but that also there must be attached to the notice a copy of such complaint or complaints as had been made. Where a statute makes two such separate requirements and only one is complied with, the notice docs-not comply with the statute and is defective. The statute, LSA-R.S. 26:96, which was involved in.the cited case, provided that “the notice or summons shall enumerate the cause or causes * * * for suspending or revoking the permit,” and it also required that “when a petition has been filed opposing the issuance of the permit or asking for its suspension or revocation a copy of the petition shall accompany the notice or summons.”
Plainly then the statute required both that the causes should be enumerated in the notice and that a copy of the complaint should be attached to the notice. Here there is no such dual requirement in the applicable statute and the notice which was given not only made reference to the list of charges but it further stated that the hearing would be held “in connection with the specifications contained in the resolution herewith attached and made a part hereof, to the same extent as if the same were fully incorporated herein.”
Under these circumstances we feel that the relator had full notice of the hearing and was well aware of the charges which had been made against his establishment and which were to be investigated at the hearing.
The record shows that he was personally present at the hearing, was represented by *32 counsel, and presented evidence which showed that he was well aware of the details of the charges which had been made against him.
We thus conclude that the notice which was given complied fully with the requirements of the applicable statute, and we therefore pass to a consideration of the question of whether the evidence submitted justifies the revocation of the permit.
The District Judge found that in two particulars there had been violations of the statutes and regulations concerning such establishments and we are in full accord with his conclusion that there were such violations. He said:
“In connection with charge Number Six, especially that part thereof which deals with having all outside doors open to view, the Court feels that the City has proved beyond any question that a person on the sidewalk or outside the place could not see into the building through that door which is the main door fronting on Romain Street, and that there is no view inside the premises from Romain Street. Accordingly, it is the Court’s opinion that this violation or charge has been proved as set forth under the provisions of Louisiana [LSA-] Revised Statutes 26:88(9) and 26:285(10).
“In connection with that portion of charge Number Nine involving the indecent exposure of person as alleged on certain dates in March and April, the Court believes that the evidence shows that there were violations of this nature on certain dates as reflected by the evidence. The appellant placed a number of witnesses on the stand, of both sexes and races, whose testimony was to the effect that the appellant ran a proper and orderly barroom. Evidence of this nature is, of course, very substantial in disproving those allegations of continuous disturbances, and the Court in disposing of this particular charge, as set forth above, has relied upon that evidence to show that there were no general and continuous disturbances by virtue of the operation of the permitee’s business. However, as to the specific instances of indecent exposure, the Court is of the opinion that this general evidence will not suffice to disprove particular acts unless the Court should not believe the testimony of the witnesses for the City of Gretna. This the Court is unwilling to do, inasmuch as the Court feels that they were respectable persons and worthy of belief as to these particular acts which occurred in their presence. It is to be further noted that of all of the acts complained of there is only one which is shown to have occurred on the premises itself, that is the exposure of a person sitting on the front steps of the establishment in plain view, the others having occurred on the sidewalk in the near vicinity. A consideration of the testimony on this point, however, leads the Court to the conclusion that there was indecent exposure of a lewd and immoral nature so as to constitute a violation under the Alcoholic Beverages Control Law.
“In conclusion the Court is of the opinion that the City of Gretna has proved violations of the Alcoholic Beverages Control Law by virtue of failure of the permit ee to keep the main outside door open to view from the sidewalk or outside, and by the permitee permitting obscenity and lewd and immoral conduct upon the premises, and that those violations are sufficient in law for the suspension or revocation of the permitee’s license. The Court feels, however, that the revocation of the license for these causes is a rather severe result, but feels that this matter of revocation or suspension is within the discretion of the City of Gretna, and accordingly, feels that it should not disturb that decision.”
*33 Since we fully agree with the finding that in the particulars mentioned there were violations, it is unnecessary that we discuss the evidence touching upon the other charges which were made.
Attorney’s fees may not be allowed except in cases specifically provided for by law. We know of no reason to allow attorney’s fees in this case.
Our original decree is recalled and annulled, and it is now ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.
Original decree recalled affirmed.
McBRIDE, JT., absent takes no part.