REGAN, Judge.
Plaintiff, Dr. Eileen B. McAvoy, instituted this suit against the defendant, the Louisiana State Board of Medical Examiners, endeavoring to obtain a writ of mandamus compelling it to issue to her a license to practice medicine and surgery in the State of Louisiana.
Defendant pleaded the exceptions of no right or cause of action, which were disposed of, and then answered, admitting the denial of the license to practice medicine predicated on the fact that the Board was not satisfied with the moral character of the plaintiff.
From a judgment in favor of the defendant, dismissing plaintiff's suit, she has prosecuted this appeal.
The record reveals that plaintiff graduated from the College of Medicine, Baylor University, in 1952, and that she became a regularly licensed physician and surgeon under the laws of the State of Texas and likewise under the laws of the State of New York, where she practiced. She successfully completed her internship and was a member of the Medical Corps of the United States Army.
Shortly after her honorable discharge from the Army Medical Corps she moved to Hammond, Louisiana, and there purchased the practice of a Dr. Markham. She then applied to the Louisiana State Board of Medical Examiners for a certificate to practice predicated on a license issued by the Texas State Board of Medical Examiners, and a temporary certificate to practice was issued to her, pending a meeting of the Board. On February 28, 1957, a letter was addressed to plaintiff by *124 the Secretary-Treasurer of the Louisiana State Board of Medical Examiners requesting her to appear before the Board, which she did; and after the hearings were terminated a letter dated March 22, 1957, signed by the Secretary of the Board was addressed to plaintiff notifying her that her application for a license to practice medicine and surgery was denied by the Louisiana State Board of Medical Examiners at a special meeting of the Board held March 21, 1957, and that her temporary permit to practice pending action on her application had expired and she was not licensed to practice medicine and surgery in this state.
It thus appears from the record that the Louisiana State Board of Medical Examiners refused to issue a license to the plaintiff to practice medicine and surgery in this state on the ground that it was not satisfied that she was of “good moral character,” as required by the statutory law of this state.[1] Hence this suit to compel the defendant, the Louisiana State Board of Medical Examiners to issue to the plaintiff a license to practice medicine and surgery in this state.
Plaintiff insists that the defendant’s refusal to issue a license to plaintiff predicated on its conclusion that she was not of good moral character is so nebulous, vague, and ill-defined that the defendant must produce some factual support for this conclusion in order to avoid being adjudged arbitrary and capricious in its refusal to issue a license.
Defendant on the other hand points to the evidence contained in the record to show that it fully and carefully investigated plaintiff’s moral character and concluded therefrom that it was not satisfied with her moral character.
An examination of the record fails to disclose that the defendant acted arbitrarily or capriciously[2] in refusing to issue a license to plaintiff to practice medicine and surgery in this state. The record contains innumerable letters and documents which were procured by the Board in its effort to properly evaluate the moral character of plaintiff, and some of the letters to say the least emphatically show that the defendant’s reason for refusal to issue a license to the plaintiff was fully justified. No useful purpose would be served, or either litigant benefited, by indulging in a protracted discussion of the contents thereof. Suffice it to say that the Board has served the best interest of society in its application of the statutory law of this state. Therefore, the charge that the Board acted arbitrarily and capriciously in its refusal to issue a license to plaintiff is not borne out by the record.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. LSA-R.S. 37:1271. “Qualifications of applicants
“Any person who wishes to practice medicine shall:
“(1) * * *
«(2) * * *
“(3) Be of good moral character;
“(4) * * *
“ (5) * * * ”
“§ 1273. Issuance of certificate
If the requirements of R.S. 37:1271 are met to the satisfaction of the board, the board shall issue to the applicant a certificate to practice medicine.”
“§ 1275. Other states, certificate of examination
The board may waive examination in favor of any applicant who presents to the board a satisfactory certificate of examination from a board of medical examiners of another state if the board finds that the certificate of examination from the board of medical examiners of another state was received on the equivalent of ‘Glass A college standard American Medical Association.’ ”

. See State ex rel. Thoman v. State Board of Certified Public Accountants, 1931, 172 La. 261, 134 So. 85; State ex rel. Eberle v. State Board of Certified Public Accountants, 171 La. 318, 131 So. 32; Comment, 33 Tulane L.Rev. 199, 208 (1958).