244 So.2d 292 (1971)
Marshall J. DAVID
v.
LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION.
No. 8390.
Court of Appeal of Louisiana, First Circuit.
January 14, 1971.
Wm. R. Forrester, Jr., of Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, for appellant.
Charles M. Hughes, Bogalusa, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
*293 ELLIS, Judge.
Plaintiff, Marshall J. David, brings this suit praying that his son, John Edward David, be decreed to be eligible to participate in varsity sports during his senior year in high school, the 1970-71 school term. He also asks that defendant, Louisiana High School Athletic Association, be enjoined from prohibiting his son from participating in varisity sports during the said 1970-71 term. To the petition, a dilatory exception of prematurity and peremptory exceptions of no cause of action and jurisdiction over the subject matter were filed by defendant. An answer was filed at the same time. The various exceptions were referred to the merits, and, after trial, the court sustained the exception of no cause of action and dismissed plaintiff's petition at his cost. From that judgment, plaintiff has taken a devolutive appeal.
The record reveals that John Edward David satisfactorily completed the eighth grade at St. Paul's School in Covington, Louisiana, where he had been a boarding student for two years. Because his son wished to reside at home in New Orleans during his high school career, Mr. David applied for his admission to the ninth grade at Jesuit High School, De La Salle High School, and Sam Barthe School in New Orleans. The first two are private parochial schools, and the last is a private nonsectarian school. All three of these schools administered tests to young David as a prerequisite to admittance. Both Jesuit and De La Salle refused to admit him to the ninth grade because of his test scores. Sam Barthe School agreed to admit him as a student, provided he repeated the eighth grade. We gather from the record that it was felt that John Edward David's reading ability was not sufficiently advanced to enable him to successfully complete a high school curriculum.
Young David was subsequently enrolled in the eighth grade at Barthe, and there participated in the school athletic program. At the beginning of his senior year, he was advised that he was no longer eligible to participate in high school sports because of having repeated the eighth grade, which he had previously passed successfully at St. Paul's School. Subsequently, a ruling was requested from T. H. Waters, the Commissioner of the defendant association, and he advised plaintiff that his son was ineligible to compete because of the provisions of Article I, Section 6 of the ByLaws of the Association, which reads as follows:
"Beginning with the sixth grade, a student repeating any grade in high school which he has passed shall lose his fourth year of eligibility in high school. NOTE: This does not apply to a student repeating a grade because of failure in that grade."
Plaintiff in his petition does not complain that the above quoted rule is arbitrary or unreasonable. He does, however, claim that the interpretation placed thereon by the defendant is both arbitrary and incorrect. He claims that since his son was unable to obtain admission to the ninth grade at the three schools where he applied in New Orleans, that he had in effect failed the eighth grade and therefore comes within the exception to the rule above stated. No claim is made that defendant had been discriminatory in its application of the rule, or that plaintiff's son had been treated any differently from any other persons in the same position.
There is no showing that plaintiff's son would not have been accepted into other schools in New Orleans in the ninth grade, and it is affirmatively shown that he would have been accepted into the ninth grade at St. Paul's.
The Louisiana High School Athletic Association purports to be, and has been considered by our courts, a voluntary association. The general rule in Louisiana is that courts will not interfere in the internal affairs of a voluntary association so *294 long as its affairs and proceedings are conducted fairly and honestly, and after due notice to all parties involved. Marino v. Waters, 220 So.2d 802 (La.App. 1 Cir. 1969).
What we are asked to do by plaintiff is place an interpretation on Section 6 different from that placed thereon by the defendant. Conceding arguendo that Section 6 is susceptible of the interpretation urged by plaintiff, we do not believe that the interpretation placed thereon by defendant is so arbitrary, unreasonable or incorrect as to justify our intervention in the internal affairs of the defendant association. Marino v. Waters, supra; Sanders v. Louisiana High School Athletic Association, 142 So.2d 19 (La.App. 3 Cir. 1970).
Lastly, plaintiff contends that at the time young John Edward David entered Sam Barthe School and repeated the eighth grade, the school was not a member of the association. Accordingly, plaintiff urges that his son was not subject to any rule which required him to lose his final year of eligibility and to apply the rule now would be giving it retroactive effect and contrary to law. We are not persuaded by this argument. The rule was in effect when Sam Barthe School voluntarily became a member and subjected itself to the rules and regulations of the association, the same as any other member school.
As pointed out above, the trial court sustained the exception of no cause of action filed by defendant, and we believe the judgment to be justified. However, since the entire record is before us and issue is joined on the merits, we have considered all of the evidence offered in determining that plaintiff's suit was properly dismissed.
The judgment appealed from is, accordingly, affirmed at plaintiff's cost.
Affirmed.